**Michael KUZMA, Plaintiff-Appellant,**

**v.**

**UNITED STATES POSTAL SERVICE, et al., Defendants-Appellees.**

**No. 435, Docket 83–6221.**

United States Court of Appeals, Second Circuit.

Argued Dec. 9, 1983.

Decided Jan. 3, 1984.

Michael Kuzma, Buffalo, N.Y., for plaintiff-appellant pro se.

Jack S. Penca, Asst. U.S. Atty., Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y., on brief), for defendants-appellees.

Before TIMBERS, VAN GRAAFEILAND, and NEWMAN, Circuit Judges.

PER CURIAM:

Michael Kuzma appeals from the June 29, 1983, order of the District Court for the Western District of New York (John T. Elfvin, Judge) denying his motion for an award of attorney's fees and costs in a suit brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1982). Kuzma, proceeding *pro se,* had obtained a judgment ordering the United States Postal Service and the Chief Postal Inspector to disclose four pages of material concerning an investigation of himself and his business. Judge Elfvin rejected the Service's claim of an investigatory records' exemption based on 5 U.S.C. § 552(b)(7)(A) and (D).

In *Crooker v. United States Department of the Treasury,* 634 F.2d 48 (2d Cir. 1980), we ruled that the attorney's fee provision of FOIA, 5 U.S.C. § 552(a)(4)(E), did not authorize recovery of an attorney's fee by a *pro se* federal prisoner who had prevailed in his FOIA lawsuit. We held out the possibility that a *pro se* litigant might be entitled to some fee award if he could show that he had forgone an opportunity to earn "regular income for a day or more in order to prepare and pursue a *pro se* suit." *Id.* at 49. Kuzma makes no claim that his *pro se* activity in this lawsuit caused him the loss of any such opportunity. Instead, he contends that *Crooker*'s denial of a *pro se* attorney's fee should be limited to prisoners. We see no basis for any distinction between prisoners and all other *pro se* litigants with respect to FOIA attorney's fees. All but one of the circuits considering the issue have denied such fees to all *pro se* litigants. *Clarkson v. Internal Revenue Service,* 678 F.2d 1368 (11th Cir.1982); *Cunningham v. Federal Bureau of Investigation,* 664 F.2d 383 (3d Cir.1981); *Crooker v. United States Department of Justice,* 632 F.2d 916 (1st Cir.1980); *Burke v. United States Department of Justice,* 559 F.2d 1182 (10th Cir.1977); *see Barrett v. Bureau of Customs,* 651 F.2d 1087 (5th Cir.1981) (construing similar fee provision of the Privacy Act, 5 U.S.C. § 552a(g)(3)(B) (1982)), *cert. denied,* 455 U.S. 950, 102 S.Ct. 1454, 71 L.Ed.2d 665 (1982); *contra, Cuneo v. Rumsfeld,* 553 F.2d 1360 (D.C.Cir.1977) (allowing fee to lawyer acting *pro se* and approving *Holly v. Acree,* 72 F.R.D. 115 (D.D.C.1976) (non-lawyer *pro se* ), *aff'd sub nom. Holly v. Chasen,* 569 F.2d 160 (D.C.Cir.1977) (table)).

Kuzma's claim for an attorney's fee of $1,000 was properly denied. The Government informed us at oral argument that it has no objection to Kuzma's claim for costs and disbursements totaling $110.04. Accordingly, the order is affirmed in part and reversed in part, and the cause remanded for entry of an order allowing Kuzma $110.04. Since Kuzma has not prevailed on his claim for an attorney's fee and has secured only 10% of the total amount he sought in the District Court, we decline to

allow him the costs of this appeal. *See* Fed.R.App.P. 39(a) & (b).