Michael KUZMA, Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE and Marshall P. Cappelli, District Director, Defendants-Appellees.

No. 94, Docket 85–6052.

United States Court of Appeals, Second Circuit.

Argued Sept. 20, 1985.

Decided Oct. 17, 1985.

Michael Kuzma, Buffalo, N.Y., pro se.

Gary D. Gray, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, Tax Div., Dept. of Justice, Washington, D.C., on brief; Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Buffalo, N.Y., of counsel), for defendants-appellees.

Before LUMBARD, OAKES and NEWMAN, Circuit Judges.

PER CURIAM:

Sometime after Michael Kuzma wrote a letter to the *Buffalo Courier-Express* in 1978 expressing his view that the federal tax system was unconstitutional, the Internal Revenue Service ("IRS") conducted an investigation to determine if he had committed tax violations. On August 22, 1980, Kuzma filed a request with the IRS pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a, in which he asked for all documents relating to this investigation. The IRS responded by releasing some, but not all, of the pertinent material. Kuzma administratively appealed the partial denial of his request on December 23, 1980. Repeated inquiries failed to hasten a decision on the appeal and on

July 22, 1981, Kuzma filed a complaint in United States District Court for the Western District of New York pursuant to FOIA and the Privacy Act of 1974 seeking the release of the remaining documents.

The parties filed cross-motions for summary judgment. The agency advanced several arguments to defend its withholding of requested documents. It argued that some of the documents contained confidential information about the tax returns of third parties and thus, pursuant to 26 U.S.C. § 6103, Internal Revenue Code of 1954, could not be released. It contended that some of the documents were investigatory in nature and exempted from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C) of the FOIA because their production would constitute an unwarranted invasion of personal privacy. It also claimed that certain documents were exempted from disclosure pursuant to 5 U.S.C. § 552(b)(7)(D) because they revealed confidential information or the identities of confidential informants.

The defendants' summary judgment motion was supported by affidavits of two IRS employees, Michael Reilly, the Buffalo District Disclosure Officer, and William Haslinger, the special agent of the IRS Criminal Investigation Division who had conducted the agency investigation of Kuzma. The affidavits alleged that Kuzma was known to be part of a tax protest movement in the Buffalo area, mentioned various forms of harassment of IRS employees allegedly carried out by such protesters, and noted that any information gathered from other federal agencies by the IRS during its investigation of Kuzma was understood, explicitly or implicitly, to be confidential.

On April 20, 1983, the district court ordered the IRS to submit to the court for in camera inspection the withheld documents. The court also informed the agency that in order to avail itself of the exemptions contained in subsections (b)(7)(C) and (b)(7)(D) of 5 U.S.C. § 552 it would have to provide additional evidence that its agents would be endangered if their identities were revealed and that informants had received assur-

ances of confidentiality. In response to this order, the defendants submitted the requested documents and four "public" affidavits and gave to the court for in camera inspection an affidavit of defendant Cappelli, explaining the dangers to agents and other confidential sources of revealing their identities. While the IRS gave Kuzma a copy of this affidavit upon his request, it refused to give him a copy of an attached exhibit which detailed allegations of harassment of IRS employees by members of the tax protest movement. According to that survey, various IRS employees have been the victims of a campaign of abuse. They have received unsolicited mail, including pornographic material. Change of address forms have been filed that sent their mail to addresses thousands of miles from where they lived. They have been attacked. They have been subjected to death threats.

On January 3, 1985, the district court ordered that certain materials originally withheld be supplied to Kuzma because the exemptions claimed by the IRS were not applicable. The court determined that the remaining documents, as well as the exhibit attached to the Cappelli affidavit, were properly withheld, and granted summary judgment for defendants as to those documents in a very carefully considered opinion dealing separately with each of 126 documents. On appeal, Kuzma asks that that part of the district court decision withholding requested documents, or portions thereof, from him be reversed, and he also asks that he be allowed to examine the exhibit attached to Cappelli's affidavit. For the reasons discussed below, this appeal is denied and the decision of the district court is affirmed.

■ Kuzma contends that the district court abused its discretion by considering in camera Cappelli's affidavit and the attached exhibit and that it erred by refusing to allow him to see the exhibit after it had conducted that in camera examination. In camera examination of affidavits and of material attached to such affidavits may be inappropriate, since such examination de-

nies the party who files an FOIA request full knowledge of the Government's rationale for withholding documents and thus limits his or her ability to challenge that rationale. *Cf. Military Audit Project v. Bush,* 418 F.Supp. 876, 878–79 (D.D.C.1976) (discussing tension between in camera examination and adversary process in FOIA suits). But in certain exceptional cases such examination is appropriate. This is one such case. If the court had insisted that the information contained in Cappelli's affidavit and the attached exhibit be submitted publicly or not at all, it would have defeated the purpose for which the further showing was initially requested; obviously, the court would have forced the IRS to disclose the identities of some of its agents before it determined whether identities of IRS agents should be shielded from disclosure. It was therefore well within the discretion of the district court to view these documents in camera as part of its investigation of Kuzma's claims. *See* 1 K. Davis, *Administrative Law Treatise* § 5:27 (2d ed. 1978 & 1982 Supp.).

■ Having examined this material in camera, Judge Elfvin found that the exhibit fell within the privacy exemption of subsection (b)(7)(C), and that Kuzma was therefore not entitled to a copy of it. Analysis of (b)(7)(C) claims requires that the public interest in disclosure be balanced against the harm to privacy interests. *See Lesar v. Department of Justice,* 636 F.2d 472, 487 (D.C.Cir.1980); *Katz v. Department of Justice,* 498 F.Supp. 177, 181 (S.D. N.Y.1979). In this case, the public interest in knowing the identity of these employees is too small to justify the serious invasion of their privacy interest entailed in further publication of their identities. The district court thus did not err in refusing Kuzma a copy of the survey of IRS employee harassment.

■ In pressing his claim for withheld documents, Kuzma asserts that the IRS used unauthorized and illegal techniques in its investigation of him. Specifically, he charges that an IRS agent impermissibly copied the address on a piece of mail sent by Kuzma. As Kuzma correctly argues, unauthorized or illegal investigative tactics may not be shielded from the public by use of FOIA exemptions. *See Weissman v. CIA,* 565 F.2d 692, 696 (D.C.Cir.1977); *Kanter v. Internal Revenue Service,* 433 F.Supp. 812, 822 (N.D.Ill.1977). It appears from the record, however, that Kuzma's allegations of illegal investigatory practices were unfounded. Judge Elfvin states that none of the documents examined in camera establishes any type of illegal search or seizure of Kuzma's mail, and Kuzma himself gives no specific details of what occurred. Thus, Kuzma's argument here fails because there is no indication that any illegal or unauthorized investigative tactics were used against him.

■ Kuzma also challenges the district court's determination that the identities of government employees were properly withheld pursuant to subsection (b)(7)(D), the exemption applicable to confidential sources. While this court has not previously addressed the threshold question whether federal government employees can be exempt under (b)(7)(D), we have held that a local law enforcement agency can be a confidential source. *Keeney v. Federal Bureau of Investigation,* 630 F.2d 114, 119 (2d Cir.1980). The *Keeney* court embraced a plain language definition of "source" as "[t]hat from which anything comes forth," *id.* at 117 (quoting Webster's *New International Dictionary* 2405 (2d ed. 1957) (definition 3)), and such a broad definition is appropriately applied here as well. A federal government employee, like a local law enforcement agency, can be a confidential source for the purposes of (b)(7)(D).

■ For the identities of those government employees to be exempt under (b)(7)(D), it is also necessary that they, in addition to being sources, received an express or implied assurance of confidentiality. *See New England Apple Council v. Donovan,* 725 F.2d 139, 145 (1st Cir.1984). The affidavits submitted on behalf of the Government indicate that such assurances were present. *See* Haslinger Affidavit, May 27, 1983, ¶ 10, 11. The district court

therefore properly concluded that the (b)(7)(D) exemption protected the identities of federal government employees who served as confidential sources.

Judgment affirmed.