**Michael KUZMA, Plaintiff-Appellant,**

**v.**

**INTERNAL REVENUE SERVICE, and Marshall P. Cappelli, District Director, Defendants-Appellees.**

**No. 591, Docket 86–6170.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 23, 1987.

Decided June 22, 1987.

Michael Kuzma, pro se.

Roger P. Olsen, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C. (Michael L. Paup, David E. Carmack, Gary D. Gray, Tax Div., U.S. Dept. of Justice, Washington, D.C., Roger P. Williams, U.S. Atty.,

Buffalo, N.Y., for W.D.N.Y., of counsel), for defendants-appellees.

Before LUMBARD, KEARSE and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

Plaintiff Michael Kuzma seeks to recover $687.43 in costs incurred in the successful litigation of an action he brought *pro se* in the United States District Court for the Western District of New York against the Internal Revenue Service pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act of 1974, 5 U.S.C. § 552a. Concluding that the only costs that may be imposed against the United States are those enumerated in 28 U.S.C. § 1920, the district court awarded Kuzma $74.12, representing $60.00 for a filing fee and $14.12 for a marshal's fee, but rejected Kuzma's claim for his costs of photocopying, postage, covers, exhibits, law books, typing, transportation and parking.

Kuzma appeals, presenting the issue of whether the "other litigation costs" expressly made recoverable under 5 U.S.C. § 552(a)(4)(E) are limited, as the district court held, to the enumerated costs that are taxable against the United States under 28 U.S.C. § 1920. Based on the language and policy of the FOIA, as well as expressions of legislative intent, we conclude that the term "other litigation costs" is not limited to costs allowed by § 1920. We therefore reverse the judgment appealed from and remand with a direction to award Kuzma costs in the amount of $433.60.

## BACKGROUND

Kuzma filed with the IRS a request pursuant to the FOIA and the Privacy Act for the production of documents that pertained to an investigation of Kuzma the IRS had commenced some time after Kuzma wrote a "tax protest" letter to a local newspaper, expressing the view that the federal tax system is unconstitutional. *See Kuzma v. Internal Revenue Service*, 775 F.2d 66 (2d Cir.1985).

When the IRS determined that some of the requested documents or portions thereof were exempt from disclosure under 5 U.S.C. § 552(b) and refused to release them, Kuzma administratively appealed. After the IRS failed to make a timely determination of the appeal, in violation of 5 U.S.C. § 552(a)(6)(A)(ii), Kuzma sought release of the documents through this action brought in the district court pursuant to the FOIA and the Privacy Act.

On cross-motions for summary judgment, the district court ordered disclosure of some of the documents, and denied Kuzma's request as to others. On Kuzma's prior appeal as to those documents still withheld, we affirmed. 775 F.2d 66 (2d Cir.1985).

In granting summary judgment, the district court found that Kuzma had "substantially prevailed" in the litigation and that the prosecution of the action was "reasonably necessary to obtain the release of certain information" and had "a substantial causative effect" on the disclosure of other material. The court had correctly noted that Kuzma, as a *pro se* litigant, was not entitled to an award of attorney's fees, *see Kuzma v. United States Postal Service*, 725 F.2d 16 (2d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 62 (1984); *Crooker v. United States Department of the Treasury*, 634 F.2d 48 (2d Cir.1980), but concluded that Kuzma would be entitled to recover the "costs of litigating this action" and invited Kuzma to itemize his costs.

Responding, Kuzma submitted an affidavit requesting the following costs:

| | |
|---|---:|
| Filing Fee | $ 60.00 |
| Marshal Fee | 14.12 |
| Photocopying | 65.21 |
| Postage | 34.77 |
| Covers | 2.14 |
| Exhibits | 15.49 |
| Law Books | 253.80 |
| Typist | 180.00 |
| Transportation | 46.00 |
| Parking Fees | 15.90 |
| TOTAL EXPENSES | $687.43 |

The government did not challenge the amounts or reasonableness of any of these

items but instead argued that, with the exception of the filing and marshal's fees, the costs claimed were not recoverable because they did not constitute "costs" within the meaning of 28 U.S.C. § 1920. Kuzma contended that the litigation cost provision of the FOIA permits broader recovery than the taxable cost provision of 28 U.S.C. § 1920, and that his requested items fell within that broader scope. Agreeing with the government, the district court concluded that the only permissible costs that may be awarded are those listed in § 1920. Accordingly, it awarded Kuzma a total of $74.12, representing the $60.00 filing fee and $14.12 for the marshal's fee.

## DISCUSSION

Fed.R.Civ.P. 54(d) provides that "costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." The types of costs that may be awarded against the United States, absent specific statutory authorization enlarging the scope of an award, are enumerated in 28 U.S.C. § 1920, which is the general provision for taxation of costs in the district court. It permits a judge or clerk of any court of the United States to tax as costs certain enumerated items, two of which are here relevant but not in dispute: fees of the clerk and fees of the marshal.

The FOIA provides, however, that "[t]he court may assess against the United States reasonable attorney fees and *other litigation costs* reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E) (emphasis added).

█ The district court held, in effect, that the authorization in § 552 for "other litigation costs" simply incorporated those costs that were already authorized under and enumerated in § 1920. We disagree. The statutory language and the purposes of the relevant sections, as well as the legislative history and decisions of various other courts, lead us to conclude that an award of costs pursuant to § 552 is not limited to those authorized by § 1920, and

permits an award here for most of the items claimed by Kuzma.

Our interpretation of § 552 necessarily begins with the statutory language and leads to the logical conclusion that when congress added subsection (a) to the FOIA in 1974, it intended that the phrase "other litigation costs" would add to the scope of costs already recoverable against the government under § 1920. Were we to accept the district court's interpretation of § 552 we would, in effect, excise the words "other litigation costs" from the statute by rendering them meaningless. Yet, established principles of statutory construction compel us to seek a rational and sensible construction of the language in question, in order to achieve "an effective and operative result." *See* 2A C. Sands, Sutherland Statutory Construction § 45.12, at 54 (4th ed. 1973); *see also Carcamo-Flores v. I.N.S.,* 805 F.2d 60, 66 (2d Cir.1986) ("There is a presumption against construing a statute as containing superfluous or meaningless words or giving it a construction that would render it ineffective." (citations omitted)).

If there were any doubt as to the meaning of § 552, the light of legislative history would dispel it, for the expressed congressional intent in this area supports our reading of the statute. The 1974 amendments to the FOIA, which included § 552(a)(4)(E), were intended, in part, to respond to "Federal agency delays in response to requests for information by the public, and the cost burden of litigation in Federal courts to persons requesting information." H.R. Rep. No. 876, 93d Cong., 2d Sess. 3, *reprinted in* 1974 U.S.Code Cong. & Admin. News 6267.

Awarding reasonable attorney's fees and "other litigation costs" against the United States was viewed by congress as necessary to effectuate the purpose of the act. The senate report states that § 552(a)(4)(E) was "crucial to effectuating the original congressional intent that judicial review be available to reverse agency refusals to adhere strictly to the act's mandates. Too often the barriers presented by court costs and attorney's fees are insurmountable for the average person requesting information,

allowing the government to escape compliance with the law." S.Rep. No. 854, 93d Cong., 2d Sess. at 17 (1974).

Our interpretation of § 552 should comport with congressional intent to alleviate the financial burdens suffered by citizens seeking information from the government. Section 552(a)(4)(E) was designed to encourage activity of "private attorneys general" in furtherance of "a national policy of disclosure of government information." *Id.* at 18. "[I]f a complainant has been successful in proving that a government official has wrongfully withheld information, he has acted as a private attorney general in vindicating an important public policy." *Id.* at 19.

This congressional purpose would be frustrated, not furthered, if we were to limit recovery under § 552 to only those items enumerated under § 1920, because the policies underlying § 1920 are antithetical to the remedial purpose of § 552. Section 1920 is premised on the "American rule" that parties to a litigation should bear their own costs. *Dowdell v. City of Apopka,* 698 F.2d 1181, 1189 n. 12 (11th Cir. 1983). *See Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 255–57, 95 S.Ct. 1612, 1620–21, 44 L.Ed.2d 141 (1975). The primary purposes of § 1920, which originated with the act of February 26, 1853, 10 Stat. 161, were to remedy abusive practices that had arisen involving excessive litigation and exorbitant fees for the prevailing litigant's attorney, to standardize the diversified practice of fee awards among the courts, and to alleviate the chilling effect of potentially burdensome fee awards upon litigants with small but meritorious claims. 421 U.S. at 251–52, 95 S.Ct. at 1618–19; 698 F.2d at 1189 n. 12. Thus, the general aim of § 1920 was to *limit* recoverable costs.

Since § 1920 was enacted, however, a number of exceptions to the "American rule" have provided for awards of attorney's fees and/or costs in specific situations. *See, e.g.,* Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988; Equal Access to Justice Act, 28 U.S.C. § 2412. Like § 552, these statutes provide for cost-shifting in order to encourage litigants to act as "private attorneys general" in furtherance of particular congressional policies. *Dowdell,* 698 F.2d at 1188–89 n. 12. Viewed in this context, an award of costs under § 552 cannot properly be limited by the statutory cost provision of § 1920.

■ Finally, we must determine which items on Kuzma's requested bill of costs qualify under § 552(a) as "other litigation costs reasonably incurred." Kuzma has not requested attorney's fees, nor, as a *pro se,* would he be entitled to them. *See Kuzma v. United States Postal Service,* 725 F.2d 16, 17 (2d Cir.), *cert. denied,* 469 U.S. 831, 105 S.Ct. 119, 83 L.Ed.2d 62 (1984); *Crooker v. United States Department of the Treasury,* 634 F.2d 48, 49 (2d Cir.1980).

■ The district judge was correct in excluding from Kuzma's recoverable costs the cost of law books readily available in libraries, but he was incorrect in holding that the following items are not recoverable as "other litigation costs" under the FOIA: photocopying, postage, covers, exhibits, typing, transportation and parking fees. These items, and the amounts Kuzma requested for them, clearly represent the reasonable costs of litigation and are recoverable.

This standard—allowing recovery of the reasonable costs necessarily incurred in litigating an action pursuant to the FOIA—vests considerable discretion with the district courts, and in exercising this discretion, they should be guided by the expressions of legislative intent and the policies of the act, discussed above, considered in light of the facts of each case.

We recognize that this area is fraught with inconsistencies. For example, § 1988 permits an award of "a reasonable attorney's fee as part of the costs" of civil rights litigation, 42 U.S.C. § 1988, but courts generally award reimbursement for costs in excess to those enumerated in § 1920 by including attorney's disbursements, which are generally billed to clients in addition to the hourly rate, as part of an award of attorney's fees. Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs

are generally taxable under § 1988 and are often distinguished from nonrecoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate. *See Dowdell,* 698 F.2d 1181, 1192; *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624, 639 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Cool v. Police Department of Yonkers,* 620 F.Supp. 954, 956 (S.D.N.Y.1985); *see also Aston v. Secretary of Health & Human Services,* 808 F.2d 9, 12 (2d Cir.1986) (postage, travel, telephone and photocopying expenses reimbursable under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A) as "reasonable fees and expenses"); *Ferry v. Central Intelligence Agency,* 74 Civ. 6445 (S.D.N.Y. May 21, 1979) (filing and marshal's fees, transcripts, postage and telephone costs allowed as part of attorney's fee award under FOIA) (Available on Lexis). In the present case, an award of costs is not linked to an award of attorney's fees because Congress provided, in § 552, for recovery of attorney's fees *"and other litigation costs"* (emphasis added), rather than "a reasonable attorney's fee *as part of the costs".* 42 U.S.C. § 1988 (emphasis added).

The rationale for the rule denying attorney's fees to a *pro se* litigant does not require limiting costs awards to *pro se* litigants to costs recoverable under § 1920. In *Crooker v. United States Department of the Treasury,* we stated that "we do not believe that Congress intended to permit an award of attorney's fees to *pro se* litigants * * * who have made no showing that prosecuting their lawsuits caused them to divert any of their time from income-producing activity." 634 F.2d at 49. By thus refusing to grant an attorney's fee we merely recognized that Congress did not provide for reimbursement of a nonexistent expense. Here, Kuzma did spend sums of money for the prosecution of his FOIA action and, because neither the government nor the district court questioned the reasonableness of the amounts claimed in his bill of costs, we accept the amounts requested as representing reasonable costs necessarily incurred.

In order to encourage individuals to act as private attorneys general in furtherance of the congressional objective to disclose government information, litigants must be able to recover litigation costs in excess of those enumerated in § 1920. To hold otherwise would nullify the remedial purpose of § 552(a)(4)(E) for the class of plaintiffs (*pro se* litigants) perhaps most in need of the statute's cost-shifting benefits.

## CONCLUSION

Because the district court applied the wrong law when it held that Kuzma could recover costs only under § 1920, we reverse. Since the district court has already found that Kuzma met the requirements that support an award of costs, further proceedings are unnecessary. We find that Kuzma is entitled to recover all of the costs requested in his bill of costs except for $253.80 for law books. Therefore, the case is remanded to the district court with a directive to award Kuzma $433.63 in costs.