764 So.2d 633 (2000)
Dale William WEEKS, Appellant,
v.
Curtis A. GOLDEN, Appellee.
No. 1D98-4359.
District Court of Appeal of Florida, First District.
April 20, 2000.
Rehearing Denied May 25, 2000.
*634 Appellant pro se.
Robert A. Butterworth, Attorney General; Sherri Tolar Rollison, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of an order denying his petition for a writ of mandamus to compel the State Attorney for the First Judicial Circuit to copy and send to him certain records which he claimed were public, and to award costs associated with the filing of the petition. We reverse, and remand with directions.
In his petition, appellant alleged that, on three occasions in 1997, he sought from the State Attorney records which he asserted were public. He agreed to pay the reasonable costs associated with locating and copying them, but requested advance notification if the estimated cost exceeded $25.00, so that he might "approve the additional amount." After receiving no response from the State Attorney, appellant filed his petition for a writ of mandamus seeking to compel the State Attorney to comply with his request, and to pay the costs associated with the filing of the petition. The trial court issued an order to show cause. The State Attorney responded as follows:
[T]he undersigned at the time of filing of the Response has furnished to Petitioner all the files and records in his possession concerning this Petition with the exception of certain information relating to the victim which the Respondent claims to be excempt [sic].
Appellant filed a reply, in which he represented that, although he had received some of the requested records after the order to show cause had been entered, he had still not received all of them. He noted that, as to the "information relating to the victim" which the State Attorney claimed was exempt from disclosure, the response had not provided any supporting statutory citation or other explanation. Finally, appellant claimed that he was entitled to costs associated with the filing of the petition. Apparently without holding a hearing or reviewing the records claimed by the State Attorney to be exempt, the trial court subsequently denied appellant's petition:
[T]he Court hereby finds that the State Attorney has tendered all the documents and materials in its possession which the law provides must be provided to Petitioner, and mandamus is not a proper remedy for seeking those items of which the Court has discretion in ordering disclosure.
In this appeal, appellant contends that he is entitled to have the trial court review the records that the State Attorney claims are exempt to determine whether, in fact, they are exempt, and to costs associated with the filing of the mandamus petition.
To the extent that records in his possession are subject to disclosure by law, the State Attorney has a ministerial duty to make them available in response to a proper request, and mandamus is an appropriate means of compelling compliance. Smith v. State, 696 So.2d 814 (Fla. 2nd DCA 1997). Appellant's petition was legally sufficient pursuant to Florida Rule of Civil Procedure 1.630. Id. Accordingly, the trial court correctly directed the State Attorney to respond. Fla. R. Civ. P. 1.630(d)(3). The State Attorney responded that copies of all records requested which were in his possession had been furnished to appellant except those which the State Attorney claimed were exempt because they "relat[ed] to the victim." We believe that the response was insufficient.
Section 119.07(2)(a), Florida Statutes (1997), provides, in pertinent part:
If the person who has custody of a public record contends that the record or part of it is exempt from inspection and examination, he or she shall state the basis of the exemption which he or she contends is applicable to the record, including the statutory citation to an exemption *635 created or afforded by statute, and, if requested by the person seeking the right under this subsection to inspect, examine, or copy the record, he or she shall state in writing and with particularity the reasons for the conclusion that the record is exempt.
Section 119.07(3)(f) does exempt from disclosure certain records which relate to crime victims. However, the State Attorney's response failed to identify with specificity either the reasons why records were believed to be exempt, or the statutory basis for any exemption. The burden was on the State Attorney to demonstrate entitlement to an exemption. Christy v. Palm Beach County Sheriffs Office, 698 So.2d 1365 (Fla. 4th DCA 1997). Therefore, the response was inadequate. Accordingly, on remand the trial court shall order the State Attorney to file an amended response identifying with specificity, as contemplated by section 119.07(2)(a), the basis for a claim that any of the records requested by appellant are exempt from disclosure. Assuming that the State Attorney again claims an exemption for some records, the trial court shall resolve the question of entitlement. We fail to see how the trial court can do that without examining the records. See, e.g., Walton v. Dugger, 634 So.2d 1059, 1061-62 (Fla.1993) ("When... statutory exemptions are claimed by the party against whom the public records request has been filed ..., the proper procedure is to furnish the document to the trial judge for an in camera inspection.... At that time, the trial judge can properly determine if the document is, in fact, subject to a public records disclosure"); Lopez v. Singletary, 634 So.2d 1054, 1057-58 (Fla.1993) (interpreting Walton as holding "that it is for a judge to determine, in an in camera inspection, whether particular documents must be disclosed," and directing the state attorney's office to deliver to the trial court for in camera inspection those documents which it claimed were exempt from disclosure as work product).
Appellant also claims entitlement to costs incurred in filing his petition. To the extent pertinent, section 119.12(1), Florida Statutes (1997), reads:
If a civil action is filed against an agency to enforce the provisions of this chapter and if the court determines that such agency unlawfully refused to permit a public record to be inspected, examined, or copied, the court shall assess and award, against the agency responsible, the reasonable costs of enforcement....
(Emphasis added.) Appellant's petition for a writ of mandamus is "a civil action." Fla. R. Civ. P. 1.040, 1.630. Clearly, the petition was filed "to enforce the provisions of chapter 119. Equally clearly, an award of "the reasonable costs of enforcement" is mandatory if the trial court determines that the State Attorney "unlawfully refused" to provide copies of records requested to appellant. An unjustified failure to respond to a public records request until after an action has been commenced to compel compliance amounts to an unlawful refusal for purposes of section 119.12(1). E.g., Barfield v. Town of Eatonville, 675 So.2d 223 (Fla. 5th DCA 1996); Wisner v. City of Tampa Police Department, 601 So.2d 296 (Fla. 2d DCA 1992); Brunson v. Dade County School Board, 525 So.2d 933 (Fla. 3d DCA 1988). Accordingly, on remand the trial court shall determine whether the State Attorney had any legally acceptable excuse for failing to respond to appellant's public records request until after he had filed his petition seeking to compel compliance. If not, it should award to appellant "the reasonable costs of enforcement" which, in this case would appear to consist of the filing fee paid and the cost to serve process, if any.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.