PER CURIAM.
This is an appeal from a final order denying in part appellant’s petition for writ of mandamus seeking the disclosure of certain documents under the Public Records Act, chapter 119, Florida Statutes (1997). We reverse and remand with directions.
The order appealed was entered following this court’s remand of the case in Weeks v. Golden, 764 So.2d 633 (Fla. 1st DCA 2000) (Weeks /). Appellant, an inmate in the Florida correctional system, made three public-records requests in 1997 for documents relating to his sexual battery prosecution. When those requests went unanswered, appellant filed a petition for writ of mandamus seeking to compel the state attorney for the First Judicial Circuit to provide him with public records relating to his criminal prosecution, as well as costs associated with filing the petition. The state attorney produced some, but not all, of the requested documents and claimed an exemption for the remaining documents, without citing specific statutory authority. Thereafter, the trial court denied the petition, but this court reversed and remanded after finding the petition to be facially sufficient and the state’s unspecific response legally insufficient to establish an exemption for the undisclosed documents. Weeks I.
On remand, the issues were whether the state was entitled to an exemption as to *850 the undisclosed documents and whether the state attorney had any legally acceptable excuse for failing to reply to appellant’s three public-records requests. After remand, the trial court found that the state attorney lawfully refused to provide copies of sexually explicit assault victim records to the petitioner pursuant to section 119.07(3)(f), Florida Statutes (1997), which exempts disclosure to protect the identity of the victim.[1] Therefore, the court denied the request for costs. The court also denied the request for production of three photographs of the victim because they “might be used to identify the victim,” contrary to the dictates of section 119.07(3)©.
We first agree with appellant that the lower court erred in denying his application for costs. In so concluding, we note that the state attorney offered no reason for failing to respond to the appellant’s three public-records requests. As this court pointed out in Weeks I, an unjustified failure to respond to a public-records request until after an action has been commenced to compel compliance constitutes an unlawful refusal for purposes of a cost award under section 119.12(1), Florida Statutes (1997).
As to the portion of the order denying the request for production of photographs, Weeks contends that his request was limited to non-identifying parts of the victim’s body, such as a shoulder or arm, rather than any facial shots. The state does not assert that the photographs contain any facial shots or other identifying marks of the victim, but rather argues that this court should affirm the order if there is competent, substantial evidence (CSE) supporting the trial court’s finding.
Because the requested photographs were not included in the record on appeal, we directed the lower court to supplement the record by transmitting the photographs under seal to this court, which has been done. Upon our review of them, we agree that there is no CSE supporting the trial court’s ruling denying production of the photographs under section 119.07(3)© on the ground that they “might be used to identify the victim.” The three photographs are close-up shots of the victim’s genital area; they depict human anatomy with no personally identifying mark or characteristic. In our judgment, these photographs do not satisfy subsection (3)©, which exempts photographs that “reveal[ ] the identity of the victim of the crime” or “which may reveal the identity of a person who is a victim of any sexual offense.” If the legislature had intended to exempt all photographs of victims of sexual offenses, it could have easily said so in section 119.07(3)©. Based upon the language employed in section 119.07(3)©, we conclude the photographs are not exempt. Indeed, it has long been recognized that the Public Records Act should be “construed liberally in favor of openness, and all exemptions from disclosure are to be construed narrowly and limited to their designated purpose.” City of Riviera Beach v. Barfield, 642 So.2d 1135, 1136 (Fla. 4th DCA 1994).
In reaching our decision, we make no determination whether the Department of Corrections, in its supervisory capacity over inmates, may properly restrict appellant from receiving the photographs under the theory that they constitute prohibited contraband.
REVERSED and REMANDED.
ERVIN, DAVIS and VAN NORTWICK, JJ„ CONCUR.

. This portion of the order was not appealed.