846 So.2d 1247 (2003)
Dale William WEEKS, Appellant,
v.
Curtis A. GOLDEN, Appellee.
No. 1D02-1283.
District Court of Appeal of Florida, First District.
June 11, 2003.
*1248 Appellant pro se.
Charlie Crist, Attorney General; Mark S. Dunn, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
This is the third time this matter has been before us, and will mark the third time we reverse. See Weeks v. Golden, 764 So.2d 633 (Fla. 1st DCA 2000) (Weeks I); Weeks v. Golden, 798 So.2d 848 (Fla. 1st DCA 2001) (Weeks II ).
In Weeks I, appellant sought review of an order denying his petition for a writ of mandamus to compel the State Attorney for the First Judicial Circuit to copy and send to him certain records which he claimed were public, and to award costs associated with the filing of the petition. 764 So.2d at 634. We reversed, and remanded with directions that the trial court determine whether the State Attorney had any legally acceptable excuse for failing to respond to appellant's public records request until after appellant had filed his petition seeking to compel compliance, and to award costs of enforcement if it concluded that the State Attorney did not. Id. at 635.
On remand, the trial court denied a portion of appellant's petition, and also denied appellant's request for the costs of enforcement. We again reversed, making clear that appellant was entitled to his reasonable costs of enforcement, pursuant to section 119.12(1), Florida Statutes (1997) (a part of the Florida Public Records Act). 798 So.2d at 850.
On remand from our second reversal, appellant sought costs totaling $448.95. That figure included costs associated with postage, envelopes and copying, as well as the filing and service of process fees. The trial court awarded only $140.50, representing the costs associated with filing and service. The trial court based its decision on the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions and two cases interpreting those Guidelines. See State, Dep't of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998) ("postage, long distance calls, fax transmissions, and delivery service are office expenses that should not have been taxed as costs"); Mitchell v. Osceola Farms Co., 574 So.2d 1162, 1163 (Fla. 4th DCA 1991) ("postage, long distance calls, travel expenses and courier service appear to be office expenses and should not have been taxed as costs"). We conclude that, given the facts of this case, this general rule does not apply.
Appellant is an inmate of the Florida correctional system. He prosecuted this action pro se, without assistance of counsel. As we have previously held, pursuant to section 119.12(1), Florida Statutes (1997), appellant is entitled to recover from the Office of the State Attorney "the reasonable costs of enforcement," which *1249 would have included an attorney's fee had he been represented by counsel.
The Uniform Guidelines contemplate awards of costs in cases where litigants are represented by counsel. In such a situation, it makes perfect sense that taxable costs should not include normal office overhead expenses, such as postage, envelopes and copying. Such a result makes much less sense, however, in a situation such as this, where the successful litigant is incarcerated and has proceeded pro se. In such a situation, the cost of such items as postage, envelopes and copying is not a normal incident of the litigant's business overhead. It is, instead, more likely that such costs will be incurred specifically for purposes of the litigation; and that they would not otherwise have been incurred.
Our research has failed to discover any Florida case on point. However, appellant has directed our attention to a decision of the United States Court of Appeals for the Second Circuit, which we find persuasive. In Kuzma v. Internal Revenue Service, 821 F.2d 930 (2d Cir.1987), a pro se litigant successfully prosecuted an action, pursuant to the Freedom of Information Act (5 U.S.C. § 552), against the IRS seeking production of tax documents. Id. at 930. That Act provided that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Concluding that the only costs recoverable were those related to filing and service, the trial court awarded those, but denied other items, including postage, envelopes and copying. 821 F.2d at 930. According to the trial court, the latter costs were not recoverable pursuant to the general statutory provision relating to costs. Id. See 28 U.S.C. § 1920. On appeal, the Second Circuit reversed the denial of costs for postage, envelopes, copying, exhibits, typing, transportation and parking. 821 F.2d at 933-34. The court explained that a narrow interpretation of the costs provision of the Freedom of Information Act would frustrate the "congressional intent to alleviate the financial burdens suffered by citizens seeking information from the government" and to "encourage activity of `private attorneys general' in furtherance of a `national policy of disclosure of government information.'" Id. at 933 (citation omitted).
As in Kuzma, interpreting narrowly that portion of section 119.12(1) which mandates an award of "the reasonable costs of enforcement" would frustrate the clear legislative intent to alleviate the financial burdens incurred by citizens who seek to enforce their right of access to public records in Florida, as well as the stated "policy ... that all state, county, and municipal records shall be open for personal inspection by any person." § 119.01(1), Fla. Stat. (1997). See also New York Times Co. v. PHH Mental Health Servs., Inc., 616 So.2d 27, 29 (Fla. 1993) (section 119.12(1) is designed to encourage public agencies to comply voluntarily with proper public records requests, and to encourage citizens improperly denied access to pursue their rights beyond an initial refusal by a recalcitrant agency). Moreover, a narrow interpretation would be at odds with our prior decision that "[s]ection 119.12 ... should ... be liberally construed so as to best enforce the promotion of access to public records." Downs v. Austin, 559 So.2d 246, 247 (Fla. 1st DCA), review denied, 574 So.2d 140 (Fla.1990). Accordingly, we hold that those "reasonable costs of enforcement" recoverable pursuant to section 119.12(1) are not necessarily limited to costs recoverable pursuant to the Uniform Guidelines. Rather, such costs are limited only by the *1250 requirement that they be reasonably incurred in the course of the litigation, given the peculiar facts of each case.
Here, it seems to us that some postage, envelope and copying costs would be reasonable, in light of the fact that appellant is incarcerated, and prosecuted this action pro se. Because the trial court concluded that appellant was not entitled to such costs as a matter of law, we reverse. On remand, the trial court is directed to afford appellant an opportunity to provide evidentiary support for the reasonableness of the expenses sought, either by affidavit or evidentiary hearing, and then to determine whether those expenses were reasonably incurred in the litigation.
REVERSED and REMANDED, with directions.
PADOVANO and POLSTON, JJ., concur.