759 So.2d 717 (2000)
Yolanda MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-5035.
District Court of Appeal of Florida, Second District.
April 26, 2000.
*718 PER CURIAM.
Yolanda Marshall appeals the summary denial of her motion to compel the clerk of the circuit court to provide certified copies, without cost, of the documents Marshall needs to file an application for executive clemency. We find that the trial court should have treated Marshall's motion as a petition for writ of mandamus and proceed with this appeal as an appeal from the denial of such a petition. With the State's consent, we are treating this as a summary appeal pursuant to Florida Rule of Appellate Procedure 9.140(i). We reverse.
Marshall filed a sworn motion to compel in the trial court alleging that she was in the process of filing an application for executive clemency and that she had repeatedly tried without success to obtain certified copies of the necessary supporting documents[1] from the clerk of court. The trial court denied the motion stating, incorrectly, that Marshall was not entitled to free copies of these documents.
Chapter 940.04, Florida Statutes (1999), states:
In the event any applicant for executive clemency is required to supply a certified copy of the applicant's information, indictment, judgment, or sentence, said document shall be furnished by the clerk of the court to the applicant free of charge.
The current rules of executive clemency require that each application have attached to it a certified copy of the information or indictment and judgment and sentence for each conviction for which clemency is sought. See Fla. Admin. Code R. 27 app. (1999).
Marshall is, therefore, entitled to one free certified copy of each document that she requested, and the trial court should have granted her mandamus relief. See, e.g., Nation v. Nation, 404 So.2d 394 (Fla. 5th DCA 1981)(holding that court has inherent power to review its clerk's administrative and ministerial acts to determine that they are consistent with the law); Smith v. State, 696 So.2d 814 (Fla. 2d DCA 1997) (holding that mandamus is the proper remedy to compel a person in an official capacity to perform an indisputable ministerial duty required by law). Accordingly, we reverse and remand. On remand, the trial court shall enter an order directing the clerk of court to supply a certified copy of each of the requested documents to Marshall without charge and without further delay.
Reversed and remanded.
CAMPBELL, A.C.J., and SALCINES and DAVIS, JJ., Concur.
NOTES
[1] Specifically, Marshall alleges that she has requested certified copies of the information, judgment, and sentence.