849 So.2d 461 (2003)
Paul CLAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-928.
District Court of Appeal of Florida, Second District.
July 16, 2003.
Paul Clayton, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Paul Clayton appeals the summary denial of his petition for request of documents. In his petition, Clayton alleged that he was in the process of seeking executive clemency, and he requested free copies of his judgment and sentence, plea agreement form, sentencing guidelines scoresheet, and sentencing transcripts. The petition was addressed to the clerk of the court, but the clerk improperly forwarded it to the trial judge for action. The trial judge denied the petition without any explanation.
Because an application for clemency requires accompanying certified copies of the information or indictment and judgment and sentence for each conviction, Clayton is entitled to certified copies of such documents free of charge. See Fla. Admin. Code R. 27 app. (2002); § 940.04, Fla. Stat. (2002); Marshall v. State, 759 So.2d 717 (Fla. 2d DCA 2000); Lane v. Gardner, 778 So.2d 1071 (Fla. 5th DCA 2001). However, Clayton is not entitled to copies of the plea agreement form, sentencing guidelines scoresheet form, and sentencing transcripts without charge. See § 940.04; Lane, 778 So.2d at 1071 n. 1.
Pursuant to section 940.04, the clerk of the court shall furnish the copies to the applicant free of payment. Therefore, the clerk of the court should not have forwarded Clayton's request to the trial judge because the trial judge does not have the authority to provide the documents. Accordingly, we affirm the order of the trial court denying Clayton's petition without prejudice to Clayton to file a request for the proper documents with the clerk of the circuit court. If the clerk denies his request, Clayton may file a petition for writ of mandamus in the trial court to compel the clerk of the court to comply with his ministerial duty set forth in section 940.04.
Affirmed.
DAVIS and KELLY, JJ., concur.