862 So.2d 887 (2003)
Derrick WILLIAMS, Petitioner,
v.
CIRCUIT COURT, 18TH JUDICIAL CIRCUIT, etc., Respondent.
No. 5D03-3483.
District Court of Appeal of Florida, Fifth District.
December 19, 2003.
Derrick Williams, Bushnell, pro se.
No Appearance for Respondent.
GRIFFIN, J.
Derrick Williams petitions this court for a writ of mandamus, seeking from the clerk of the Brevard County circuit court free certified copies of several legal documents from his closed criminal case, including the information, written judgment and sentence, affidavits, clerk's minutes, and the state attorney's nolle prosequi. He claims that he needs these copies in conjunction with his application for executive clemency. He complains that he is entitled to free copies of these documents under section 940.04, Florida Statutes (2002), but the clerk of the circuit court will not furnish them.
Section 940.04, Florida Statutes, does entitle an applicant for executive clemency to free certified copies of certain of the documents he presently seeks: "In the event any applicant for executive clemency is required to supply a certified copy of the applicant's information, indictment, judgment, or sentence, said document shall be furnished by the clerk of court to the applicant free of charge and without delay." Under this statute, Williams would not be entitled to free certified copies of the other documents he lists in his petition. Lane v. Gardner, 778 So.2d 1071 (Fla. 5th DCA 2001).
When Williams made his document request, the clerk of the circuit court responded with an all-purpose form letter, which includes the following: "If you are requesting information regarding clemency, *888 you need to provide us with a copy of your application for Executive Clemency." In his petition, Williams objects that the statute does not impose this requirement and that requiring him to supply a copy of the application would cost him money and would thus violate the "free of charge" clause of the statute. We reject this argument. The statute only authorizes documents to be provided free of charge if the Parole Commission's rule requires the documents and only to an applicant for Executive Clemency. It is reasonable for the clerk to require the requesting party to show that he is an applicant. Moreover, the policy of the clerk is a reasonable one, as it operates to discourage use of the statute as a subterfuge.
WRIT DENIED.
THOMPSON and PALMER, JJ., concur.