916 So.2d 1001 (2005)
Jerry B. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2846.
District Court of Appeal of Florida, Second District.
December 30, 2005.
LaROSE, Judge.
Jerry B. King appeals the postconviction court's denial of his motion to compel the clerk of the court to provide, free of charge, certified copies of documents he needs to file an application for clemency. The trial court should have treated Mr. King's motion as a petition for writ of mandamus. We treat this proceeding as an appeal from the denial of such a petition. See Marshall v. State, 759 So.2d 717 (Fla. 2d DCA 2000).
In denying Mr. King's motion, the postconviction court did attach to its order copies of the written sentence in circuit court case number 90-04280-X and the written judgment and sentence in circuit court case number 90-04786-X. An application *1002 for clemency requires certified copies of the information or indictment and judgment and sentence for each conviction. Mr. King is entitled to certified copies of the information and judgment and sentence in circuit court case numbers 90-04280-X and 90-04786-X. See Clayton v. State, 849 So.2d 461 (Fla. 2d DCA 2003). However, Mr. King is not entitled to copies of the plea agreement form, sentencing guidelines scoresheet form, and sentencing transcripts without charge. See id.
We reverse and remand. On remand, the trial court shall enter an order directing the clerk of court to supply to Mr. King, without charge and without further delay, certified copies of the information and judgment and sentence in circuit court case numbers 90-04280-X and 90-04786-X. See Marshall, 759 So.2d at 718.
Reversed and remanded.
SALCINES, and CANADY, JJ., Concur.