931 So.2d 1040 (2006)
Phillip Gene ADLINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-752.
District Court of Appeal of Florida, Fourth District.
June 21, 2006.
Rehearing Denied July 19, 2006.
*1041 Phillip Gene Adlington, Arcadia, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Phillip Gene Adlington appeals a trial court order summarily denying his consolidated motions to correct sentence under Florida Rule of Criminal Procedure 3.800(a) and for post conviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse and remand in part for reasons which follow.
Adlington pleaded guilty to burglary of a conveyance and agreed to be sentenced to a term of either 24 or 36 months in prison followed by probation, to be reduced to 12 months in jail if he turned himself in on a certain date after a brief furlough. The record is not clear on whether the agreed upon sentence was 24 or 36 months in prison. Nonetheless, Adlington failed to *1042 appear, and he was sentenced to 36 months in prison. He did not appeal.
In this consolidated motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) and motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, he claimed scoresheet error, ineffective assistance of trial counsel for failure to object to the same scoresheet error, involuntary plea and ineffective assistance of trial counsel for several other reasons.
We affirm the trial court's summary denial of the claim of involuntary plea relating to his medical treatments without further discussion.
On Adlington's claim of scoresheet error, he argued that his Criminal Punishment Code scoresheet erroneously assessed him 9 points for trafficking in marijuana when in fact the prior offense should have been scored for his being an accessory to, or having committed conspiracy to traffic. He claims that he should have been assessed only 2.4 points for that level offense, and that if corrected, his lowest permissible sentence in the scoresheet would have been any non-state prison sanction.
We reject this claim under rule 3.800(a), since appellant has not alleged or shown that the trial court record demonstrates on its face his entitlement to relief. Toro v. State, 719 So.2d 947 (Fla. 4th DCA 1998).
Applying the Supreme Court of Florida's "would-have-been-imposed" harmless error test pronounced in State v. Anderson, 905 So.2d 111 (Fla.2005), since appellant's motion also invokes rule 3.850, we reject appellant's claim of scoresheet error because it conclusively can be said that the trial court would have imposed the same sentence with the corrected scoresheet. See also Graham v. State, 920 So.2d 1262 (Fla. 4th DCA 2006). Here, appellant contended that if the scoresheet had been corrected, the lowest permissible sentence would have been any non-state prison sanction. Even if true, his own allegations would have the court find that he agreed to at least a sentence of 24 months in prison followed by probation, to be reduced to 12 months in jail if he appeared in court on time. This still would have far exceeded the lowest permissible sentence he seeks to have stated in his scoresheet.
Because appellant agreed to a term of years in this case, we also reject his claim of trial court error in summarily denying his claim of ineffective assistance of counsel for failure to object to the same scoresheet error. He did not allege that he would not have entered his plea had he known of this error. See generally Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
As for Adlington's final claim of ineffective assistance of trial counsel, we affirm its summary denial except for denial of his claim that he agreed to a 24 month sentence to be reduced to 12 months if he returned from furlough on time, but that counsel allowed this agreement to be changed to provide for a 36 month sentence instead, without his knowledge of or agreement to that change. We reverse the summary denial of that claim for an evidentiary hearing or record attachments refuting it.
Affirmed in Part, Reversed and Remanded in Part.
POLEN, GROSS and MAY, JJ., concur.