PER CURIAM.
Phillip Gene Adlington appeals a trial court order summarily denying his latest motion for post-conviction relief and three orders preceding it. We affirm the trial court’s order summarily denying his motion because it raised the same challenge the trial court had previously rejected and this Court affirmed in Adlington v. State, 931 So.2d 1040 (Fla. 4th DCA 2006), regarding voluntariness of his plea relating to his medical treatment. In Adlington, this Court affirmed the summary denial of the claim of involuntary plea relating to promises of medical treatments, among other claims, but reversed and remanded only for the claim of involuntary plea relating to the length of the sentence and its possible reduction if he returned from furlough on time. Appellant is barred from further relief on the claim of involuntary plea relating to promises of medical treatments by the doctrine of “law of the case.” McBride v. State, 884 So.2d 476 (Fla. 4th DCA 2004).
On the record on appeal and brief filed, appellant has failed to show that the trial court has ruled on the claim returned to the trial court for further consideration in Adlington. For that reason, we dismiss as premature his attempts to appeal the three trial court orders which denied his requests for counsel, an interpreter, and transport on remand. Appellant can challenge them once the trial court has ruled on remand.
Appellant also intends to appeal a separate and apparently unrelated trial court order which denied his motion for a free copy of the charging documents filed against him in connection with his application for executive clemency. We dismiss his challenge to that order, as it has no connection to the post-conviction proceedings being appealed herein, but without prejudice to his right to seek mandamus relief in the circuit court against the clerk of the circuit court if appropriate, for failure to comply with its ministerial duties under Section 940.04, Fla. Stat. Williams v. Circuit Court, 18th Jud. Cir., 862 So.2d 887 (Fla. 5th DCA 2003). A final order by the circuit court would then be appealable to this Court. See, e.g. Clayton v. State, 849 So.2d 461 (Fla. 2d DCA 2003).

Affirmed in Part, Dismissed in Part.

GUNTHER, KLEIN and TAYLOR, JJ., concur.