PER CURIAM.
We grant the petition for writ of mandamus in part and direct Howard C. Forman, the Broward County clerk of court, forthwith to advise both this court and the petitioner, Jermaine D. Logan, of the lower tribunal case number in which Logan’s transferred petition has been filed.
In May 2011, Logan filed with this court a petition for writ of mandamus in which he sought to compel the Broward County clerk of courts to provide copies of documents which the petitioner had requested from the clerk in March 2011, concerning the appointment of a particular Broward County assistant state attorney. The documents requested are ones that are required by section 27.181(1), Florida Statutes, to be recorded in the office of the clerk of the circuit court where the appointing state attorney resides. Despite that fact, and though Logan cited the statute and enclosed payment with his request, the clerk’s office did not provide the requested records; it merely responded that the information he requested “is not found [in] the file.”[1]
*897 Because the circuit court has concurrent jurisdiction to grant mandamus relief, see Fla. R.App. P. 9.030(c)(3), and has the power to review its clerk’s ministerial acts, see generally Clayton v. State, 849 So.2d 461 (Fla. 2d DCA 2003), this court transferred that petition to the circuit court for further proceedings under section 119.07, Florida Statutes. Logan v. Forman, No. 4D11-1713 (Fla. 4th DCA July 21, 2011) (unpublished order).
In October 2011, the petitioner filed another mandamus petition with this court, stating he had filed an inquiry with the circuit court requesting the new lower tribunal case number for the transferred petition, but the clerk had not responded. He asked this court to compel the circuit court to enforce the order and to rule on his claim under section 119.07 without further delay.
This court ordered the respondent clerk of court to show cause within twenty days why the petition should not be granted as prayed. The clerk failed to file a timely response.
Accordingly, we now grant the petitioner’s February 15, 2011 motion to hear and rule, and we grant the petition. We order the clerk forthwith to answer the petitioner’s inquiry and provide him (as well as this court) with the lower tribunal case number which the transferred petition has been assigned (or into which it has been filed, if it has been filed within an existing case number).[2] At the same time, we are forwarding to the lower tribunal clerk’s office a copy of the transferred petition from this court’s file in case no. 4D11-1713, in the event the lower tribunal clerk’s office has misplaced the one we previously transferred to it.

Petition Granted.

DAMOORGIAN, CIKLIN and CONNER, JJ. concur.

. Perhaps the clerk’s office searched for the requested public records in a court file pertaining to Logan, but there is no reason to believe they would be found there.

. We note that Logan is currently incarcerated in connection with Broward circuit court case number 02007487CF10A, and the lower tribunal clerk's online docket reflects the filing of a petition for writ of mandamus within that file on October 5, 2011. At this point, we have no way to tell whether that petition is the one that this court transferred to the lower tribunal on July 21, 2011.