MAKAR, J.,
concurring.
I agree we must deny the petition in this case, but note why I vote to do so. Petitioner claims a right to documents under section 940.04, Florida Statutes, which requires a clerk of court to provide certified copies of certain specified documents promptly and free of charge to “any applicant for executive clemency” who is “required to supply” them pursuant to the executive clemency process.[1] His one *629 page notice to the clerk of court requested a copy of (a) the docketing statement[2] and (b) the information in his criminal case, citing section 940.04 without further elaboration.
Petitioners mandamus claim fails because his petition does not allege that he has even applied for executive clemency. Nowhere does Petitioner aver or provide proof that he has initiated the executive clemency process and taken the necessary first steps to entitle him to copies under section 940.04. He thereby has no clear right to the relief he requests.
That said, neither the statute nor the caselaw makes clear what an applicant for executive clemency must aver in his request or provide to the clerk of court to be entitled to free certified copies. The Third District, under a predecessor statute, held that an applicant must at least allege he has made such application. Shannon v. State, 172 So.2d 479, 480 (Fla. 3d DCA 1965) (“The trial judge correctly viewed as insufficient an allegation that copies were not supplied, without alleging application and refusal.”). Similarly, the Second District has more recently held that an individual was entitled to documents under the statute where she filed a “sworn motion to compel in the trial court alleging that she was in the process of filing an application for executive clemency” and had repeatedly but unsuccessfully tried to obtain certified copies from the clerk. Marshall v. State, 759 So.2d 717, 718 (Fla. 2d DCA 2000). The court noted that the then-current clemency rules required each application to have “attached to it a certified copy of the information or indictment and judgment and sentence for each conviction for which clemency is sought.” Id. As such, the inmate was entitled to copies under section 940.04 so that she could file her completed application.
The takeaway from Shannon and Marshall is that averring one has filed, or is in the process of filing, an executive clemency application is sufficient to obtain copies, thereby avoiding the chicken/egg dilemma of what comes first, a completed application or the certified copies.
In contrast, the Fifth District has interpreted the statute to require compliance •with a clerk’s request for a copy of the applicant’s “application for Executive Clemency” before free certified copies are provided. Williams v. Cir. Ch, 18th Jud. Cir., 862 So.2d 887, 888 (5th DCA 2003) (rejecting arguments that statute’s language does not permit clerk to require a copy of executive clemency application and that the cost of doing so thwarts the statute’s purpose of providing limited copies “free of charge”). Williams does not directly apply here because the clerk of court has not requested a copy of Petitioner’s executive clemency application as a precondition for copies, providing only a form letter indicating that Petitioner must make payment for copies of the requested documents.
Notably, the requirement at issue in Williams — that a copy of the executive clemency application be provided to the clerk as a precondition — is somewhat at odds with the current executive clemency rule 6(B), which provides:
Each application for clemency shall have attached to it a certified copy of the charging instrument (indictment, information, or warrant with supporting affi *630 davit) for each felony conviction, or misdemeanor conviction if seeking a pardon for a misdemeanor, and a certified copy of the judgment and sentence for each felony conviction, or misdemeanor conviction if seeking a pardon for a misdemeanor.
Fla. R. Exec. Clem. 6(B). Under its current rules, the Clemency Board may return any application that fails to meet the requirements of its rules, which presumably includes the failure to attach certified copies. Fla. R. Exec. Clem. 6(D). But whether the Board would do so is unlikely where an applicant is concurrently seeking free certified copies under section 940.04 pursuant to the Williams decision, which resolved the application/certified copies dilemma in favor of the application coming first.
In this case, no such dilemma exists because the Petitioner has not even alleged he has applied for executive clemency or is currently in the process of doing so. Instead, he has merely cited section 940.04 and claimed a right to certified copies, which is wholly inadequate under any court’s approach. Denial of mandamus relief is thus required.

. Section 940.04, Florida Statutes, reads: "Copy of information or indictment to be furnished without charge. — In the event any applicant for executive clemency is required to supply a certified copy of the applicants information, indictment, judgment, or sen *629 tence, said document shall be furnished by the clerk of court to the applicant free of charge and without delay.”

. The docketing statement is not one of the specified items in section 940.04 and is thereby unavailable free of charge under the statute. See Williams v. Cir. Ct., 18th Jud. Cir., 862 So.2d 887 (Fla. 5th DCA 2003).