NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL A. FALANA,                          )
                                            )
            Appellant,                      )
                                            )
v.                                          )        Case No. 2D16-523
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
_____ )

Opinion filed October 14, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Lisa D. Campbell, Judge.

Michael A. Falana, pro se.


PER CURIAM.

          Michael A. Falana appeals the order summarily denying his request for

documents and his motion seeking the entry of a signed judgment of conviction.  We

affirm the postconviction court's order in all respects but comment only on the denial of

Falana's request for documents.

          In his request for documents, Falana asked for certified copies of his May

22, 2000, judgment and sentence, a copy of the information filed against him, and a

copy of the jury verdict so that he could file an application for clemency.  The trial court

mistakenly interpreted Falana's request for documents to indicate that he intended to file a postconviction motion. Any applicant for executive clemency is entitled to certified copies of the information or indictment filed against him as well as his judgment and sentence, and the documents are to be furnished free of charge by the clerk of court. § 940.04, Fla. Stat. (2015); see Clayton v. State, 849 So. 2d 461, 461 (Fla. 2d DCA 2003). Thus, the postconviction court should have denied Falana's request for documents without prejudice to his filing the request with the clerk of court. If the clerk fails to comply with the ministerial duty of providing Falana with the certified copies, Falana's remedy is to file a petition for writ of mandamus in the trial court. Id.

Accordingly, we affirm the order denying Falana's request for documents and his motion for entry of a rendered judgment without prejudice to Falana's right to file his request for documents with the clerk of court under section 940.04. We note that under that statute, Falana is not entitled to a copy of the jury verdict free of charge.

Affirmed.

NORTHCUTT, KELLY, and CRENSHAW, JJ., Concur.