596 So.2d 753 (1992)
James J. QUIGLEY, Appellant,
v.
Michael J. SATZ, as State Attorney of the 17th Judicial Circuit, Broward County, Florida, Appellee.
No. 91-2044.
District Court of Appeal of Florida, Fourth District.
April 1, 1992.
James J. Quigley, pro se.
No brief filed by appellee.
PER CURIAM.
James J. Quigley appeals the circuit court's dismissal of his complaint for the issuance of a writ of mandamus against the State Attorney to comply with the Public Records Act, which Quigley filed pursuant to Florida Rule of Civil Procedure 1.630. The circuit court dismissed the complaint because Quigley failed to perfect service of process on the State Attorney within 120 days. We reverse.
In May 1980, Quigley was convicted in the Broward County Circuit Court. In May 1990, he wrote a letter to the State Attorney's office requesting a copy of his case file under the Public Records Act, Chapter 119 of the Florida Statutes (1989). Quigley did not receive a response from the State Attorney, and he sent a certified letter in June 1990 making the same request for the file. The State Attorney again did not respond.
As a result of the State Attorney not answering either of his two letters, Quigley *754 filed a complaint for the issuance of a writ of mandamus in August 1990 to direct the State Attorney to comply with the provisions of the Public Records Act. Quigley did not serve the State Attorney with a copy of the complaint.
Because the circuit court had not taken any action in his case, Quigley contacted the court in December 1990 to learn why the court had not issued an alternative writ of mandamus pursuant to Rule 1.630 of the Florida Rules of Civil Procedure. The court responded by letter that no action would occur until Quigley served the State Attorney with the complaint. Quigley failed to serve the State Attorney. The circuit court, therefore, dismissed his complaint without prejudice for failure to serve process within 120 days, as required by Florida Rule of Civil Procedure 1.070(j).
Rule 1.630 governs extraordinary remedies. The procedure to obtain an extraordinary remedy, in this case, the issuance of a writ of mandamus, is different from the procedure involved in other original actions. Rule 1.630 reads in pertinent part:
(b) Initial Pleading. The initial pleading shall be a complaint. It shall contain:
(1) the facts on which the plaintiff relies for relief;
(2) a request for the relief sought; and
(3) if desired, argument in support of the petition with citations of authority.
... .
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
... .
(3) an alternative writ in mandamus that may incorporate the complaint by reference only;
... .
The writ shall be served in the manner prescribed by law... .
(e) Response. Defendant shall respond to the writ as provided in Rule 1.140... .
Fla.R.Civ.P. 1.630(b), (d)-(e).
Rule 1.630 does not require the plaintiff to serve the defendant with the complaint for the issuance of a writ of mandamus before the circuit court determines whether the complaint is facially sufficient to state a prima facie case for relief. Fla.R.Civ.P. 1.630(d). Once the court receives the complaint it must make that determination. If the complaint is facially sufficient, the court then issues an alternative writ of mandamus, which the plaintiff must serve in the manner prescribed by law. Id.
In the instant case, the circuit court erred in not initially determining the facial sufficiency of Quigley's complaint. The court mistakenly waited for Quigley to serve the State Attorney with the complaint, something Quigley was not obligated to do before the court issued the alternative writ. Accordingly, the circuit court should not have dismissed Quigley's complaint on the ground that he failed to serve process on the State Attorney within 120 days. The circuit court's order of dismissal, therefore, is reversed. The matter is remanded for the circuit court to determine the facial sufficiency of the complaint and, if appropriate, issue a writ of mandamus.
REVERSED AND REMANDED WITH INSTRUCTIONS.
DOWNEY, GUNTHER and WARNER, JJ., concur.