NORTHCUTT, Judge.
James Anthony filed a petition for writ of mandamus seeking to compel the Department of Corrections to restore his lost gain time and to remove him from Close Management status.[1] The circuit court initially dismissed the petition without prejudice because Anthony had failed to serve the respondent. The court gave him 21 days either to file the certificate of service for the original petition showing service on the respondent, or to file an amended petition. When Anthony did neither, the court dismissed his petition with prejudice.
At the time the petition was filed, Anthony’s request for relief was governed by Florida Rule of Civil Procedure 1.630.[2] Under that rule, when a complaint for writ of mandamus is filed, the circuit court must make a threshold determination of whether the complaint is sufficient. If the court finds that it is, it issues an alternative writ of mandamus, which the plaintiff must then serve in the manner provided by law. Quigley v. Satz, 596 So.2d 753, 754 (Fla. 4th DCA 1992); see also Moore v. Ake, 693 So.2d 697 (Fla. 2d DCA 1997). The rule does not require the plaintiff to serve the initial complaint. Accordingly, the circuit court erred in originally dismissing Anthony’s action without prejudice, and in subsequently dismissing it with prejudice. We reverse and remand with directions to reinstate Anthony’s complaint for writ of mandamus, to determine whether the complaint is sufficient, and to conduct any further proceedings necessary under the dictates of rule 1.630.[3]
Reversed and remanded.
WHATLEY, A.C.J., and SALCINES, J., concur.

. The petition was first filed in this court on August 6, 1996. We ordered that it be transferred to the circuit court on August 28, 1996.

. After January 1, 1997, petitions challenging orders of the Department of Corrections entered in prisoner disciplinary proceedings are governed by Florida Rule of Appellate Procedure 9.100(c)(4). See Amendments to Florida Rules of Appellate Procedure, 696 So.2d 1103, 1122 (Fla.1996) (committee notes to 1996 amendment).

. The State asserts that Anthony's complaint is untimely under section 95.11(8), Florida Statutes (1995), which requires that a court action challenging prison disciplinary proceedings conducted pursuant to section 944.28(2), Florida Statutes (1995) be filed within 30 days after final disposition in the administrative grievance process. The circuit court never ruled on this issue, and because of our resolution of this appeal, we leave that question to the circuit court. We note, however, that Anthony is a prisoner, and thus has the benefit of the mailbox rule. See Haag v. State, 591 So.2d 614 (Fla.1992).