914 So.2d 1066 (2005)
Gary RADFORD, Appellant,
v.
Dwight E. BROCK, Clerk of the Circuit Court, and Lisa Holton, Appellees.
No. 2D04-3515.
District Court of Appeal of Florida, Second District.
November 30, 2005.
*1067 Gary Radford, pro se.
John W. Carter, Naples, for Appellee Clerk of the Circuit Court.
No appearance for Appellee Lisa Holton.
SILBERMAN, Judge.
Gary Radford appeals the dismissal of his petition for writ of mandamus pertaining to his records requests directed to the Clerk of the Circuit Court for Collier County and to Lisa Holton. Because the trial court did not follow the proper procedure in addressing the petition and because there are unresolved factual issues, we reverse.
"A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997). "When a trial court receives a petition for a writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient. If it is not facially sufficient, the court may dismiss the petition." Davis v. State, 861 So.2d 1214, 1215 (Fla. 2d DCA 2003) (citations *1068 omitted). If the petition is facially sufficient, the court must issue an alternative writ of mandamus requiring the respondent to show cause why the writ should not be issued. Moore v. Ake, 693 So.2d 697, 698 (Fla. 2d DCA 1997); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989). If the petition and answer to the alternative writ raise disputed factual issues, the trial court must resolve these issues upon evidence submitted by the parties. See State ex rel. Johnson v. Roberts, 134 Fla. 326, 184 So. 14, 14 (1938); City of Bradenton v. State ex rel. Perry, 118 Fla. 838, 160 So. 506, 507-08 (1935). If undisputed affidavits are submitted to the trial court, the court may be able to resolve the issues based on those affidavits. See Mendyk v. State, 707 So.2d 320, 322 (Fla.1997) (affirming denial of public records request, in part, pursuant to the undisputed averments in affidavits submitted in response to defendant's 3.850 motion).
In his petition, Mr. Radford alleged that the Clerk of the Circuit Court and Ms. Holton, as the owner of Naples Court Reporting, Inc., are the legal custodians of public records for Collier County. Mr. Radford asserted that he made several records requests to the clerk and to Ms. Holton and that he offered to pay for the records. He also alleged that the clerk and Ms. Holton have failed to provide the records and have denied him access to the records.
Mr. Radford attached to his petition a letter from the clerk's office, stating that the clerk's office is not the custodian of any of the documents that Mr. Radford requested and that the documents were not in Mr. Radford's court file. Mr. Radford also attached to his petition letters from Ms. Holton and Naples Court Reporting. One letter indicated that files for the pertinent time period had been destroyed and could not be reproduced, and the other indicated that Mr. Radford did not provide sufficient information to proceed with his request, including who would pay for transcripts.
Although the trial court did not issue an alternative writ, the clerk filed an answer to Mr. Radford's petition, stating that he is not the custodian of the requested records; that he is not the custodian of records for the state attorney, the public defender, or Naples Court Reporting; and that he did not have possession of any of the records. The clerk's answer and his earlier correspondence were not sworn documents. Ms. Holton did not respond to the petition, and she was not directed to do so by the trial court. Her earlier letter to Mr. Radford was not a sworn document.
The Clerk of the Circuit Court has a legal duty to maintain and to provide access to the records contained in its files unless the records are legally exempt from disclosure. §§ 28.13; 119.01(1), (3); 119.011(1), (2), Fla. Stat. (2003). Similarly, to the extent that Ms. Holton is in custody of public records, she is obligated to permit the records to be inspected and copied upon proper payment. See § 119.07(1)(a); see also Mathis v. State, 722 So.2d 235, 236 (Fla. 2d DCA 1998) (recognizing that a defendant "has a right to purchase transcripts of his court proceedings"). In addition, Ms. Holton, as a court reporter, is required to retain the original notes or electronic records of proceedings or depositions for specified time periods. For example, when a transcript has not been prepared, a court reporter must retain the notes or records relating to judicial proceedings in felony cases for ten years. See Fla. R.J. Admin. 2.075(f).
Although it appears that Mr. Radford may be mistaken in his belief that the requested records are in the possession of the clerk or Ms. Holton, his petition states *1069 a facially sufficient claim. Based on the petition, the correspondence attached to the petition, and the answer of the clerk, an unresolved issue exists as to whether either the clerk or Ms. Holton has possession of the requested records. Because the trial court did not issue an alternative writ requiring the clerk and Ms. Holton to show cause why the writ should not be issued, and because there is no sworn evidence refuting Mr. Radford's allegations, the trial court erred in dismissing his petition.
Accordingly, we reverse the order dismissing the petition and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and STRINGER, JJ., Concur.