SILBERMAN, Judge.
Milton R. Farmer filed a motion for mitigation or reduction of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) and a motion to enlarge the time for the court to rule on his motion for mitigation or reduction. The postconviction court dismissed the motion for mitigation or reduction but granted Farmer an additional sixty days to file a new rule 3.800(c) motion. The court stated that no further extensions would be granted.
Several weeks later, Farmer filed a second motion for enlargement of time, asking the postconviction court to “hear, investigate, and rule” on his previously dismissed rule 3.800(c) motion. He also filed a motion to compel the State Attorney’s Office to produce records that he claimed would enable him to seek postcon-viction relief. In his filings, Farmer asserted that the requested records would establish his actual innocence on one of the charges.[1] In an order entered August 29, *1076 2005, the postconviction court denied the second motion for enlargement of time and the motion to compel. Farmer appeals that order. We treat Farmer’s appeal of the denial of his second motion for enlargement of time as a petition for writ of certiorari and deny it without comment. However, we reverse the denial of his motion to compel and remand for further proceedings.
In his motion to compel, Farmer alleged that he was seeking certain public records from the State Attorney’s Office under chapter 119, Florida Statutes (2004). He referred to and filed a copy of a letter that he had previously sent to the State Attorney, requesting the records and acknowledging his obligation to pay the cost to duplicate the records. He alleged that he received no response to his request.
The postconviction court denied the motion to compel, citing to Florida Rule of Judicial Administration 2.051, chapter 119, and Farmer’s obligation to pay for copies of the requested information.[2] Apart from the copying cost, the order does not indicate how Farmer’s motion fails to comply with rule 2.051 or chapter 119. As to the copying cost, Farmer had acknowledged his obligation to make payment.
It appears that Farmer’s motion to compel and attachments meet the requirements for a petition for writ of mandamus. See Radford v. Brock, 914 So.2d 1066 (Fla. 2d DCA 2005); Smith v. State, 696 So.2d 814 (Fla. 2d DCA 1997). Thus, the post-conviction court should have treated the motion as a petition for writ of mandamus directed to the State Attorney. See King v. State, 916 So.2d 1001 (Fla. 2d DCA 2005). Accordingly, we reverse the order denying the motion to compel. On remand, the postconviction court shall treat the motion as a petition for writ of mandamus and shall issue an alternative writ requiring the State Attorney’s Office to show cause why the writ should not be issued. See Radford, 914 So.2d at 1069; Smith, 696 So.2d at 816.
Therefore, as to the denial of Farmer’s second motion for enlargement of time, we deny certiorari; as to the denial of Farmer’s motion to compel, we reverse and remand for further proceedings.
NORTHCUTT and DAVIS, JJ., Concur.

. In Farmer’s previously dismissed motion for mitigation or reduction of sentence he stated that he was pursuing relief under rule 3.800 because it "is more economical, judicially, than awaiting a rule 3.850 motion for post-conviction relief.” He acknowledged that he wanted an evidentiary hearing "to determine the facts of the matter.” However, rule 3.800(c) addresses the reduction or modifica *1076 tion of a legal sentence, not relief from a judgment and sentence based on a claim of innocence.

. The order appears to contain a scrivener's error as it cites to rule 2.501, which is nonexistent.