WARNER, J.
A prisoner appeals the trial court’s denial of his petition for writ of mandamus directed to the Clerk of Court of Palm Beach County. In his petition he sought to compel the circuit court clerk to provide transcripts of jury selection and the docket summary sheet of his criminal trial in 1993. He alleged that he would pay the copying fee. Without ordering a response, the trial court denied the motion without stating its reasons. We reverse the trial court’s order, as the petition stated a facially sufficient ground for relief.
To obtain mandamus relief, the petitioner must establish a clear legal right to the performance of a ministerial duty. See, e.g., Orchid Island Props., Inc. v. W.G. Mills, Inc. of Bradenton, 889 So.2d 142, 143 (Fla. 4th DCA 2004). “The Clerk of the Circuit Court has a legal duty to maintain and to provide access to the records contained in its files unless the records are legally exempt from disclosure.” Radford v. Brock, 914 So.2d 1066, 1068 (Fla. 2d DCA 2005). Moreover, a petition for writ of mandamus is the proper vehicle to seek review of the denial of access to judicial records. Mathis v. State, 722 So.2d 235, 236 (Fla. 2d DCA 1998). Accordingly, a criminal defendant has a right to purchase transcripts of his court proceedings. Id.
If a mandamus petition is facially sufficient, the court must issue an alternative writ of mandámus requiring the respondent to show cause why the wilt should not be issued. Radford, 914 So.2d at 1068. In Radford, the prisoner petitioned for a writ of mandamus pertaining to his records requests directed to the circuit court clerk and the court reporter. Id. at 1067-68. The clerk had filed an unsworn answer to the prisoner’s petition for mandamus, indicating that the clerk did not have possession of any of the records requested. Id. at 1068. Additionally, the court reporter did not respond to the prisoner’s petition, and she was never directed to do so by the trial court. Id. The Second District noted that while the prisoner may have been mistaken in his belief that the requested records were in the possession of the clerk or the court reporter, his petition stated a facially sufficient claim. Id. at 1068-69. Accordingly, the court held that because the trial court did not issue an alternative writ requiring the clerk and the court reporter to show causé why the writ should not be issued, and *456 because there was no sworn evidence refuting the prisoner’s allegations, the trial court erred in dismissing his petition. Id. at 1069.
Appellant is in the same position as the prisoner in Radford. His petition for mandamus stated a facially sufficient claim for relief, but the court did not order a response from the clerk. Although the state argues in its answer brief that appellant has been provided with all of the records in the clerk’s possession, the record is silent on this issue. The trial court must issue an order to the clerk to show cause as to why the writ should not be issued, and the clerk must respond to the facially sufficient petition.
Reversed and remanded for further proceedings.
SHAHOOD, C.J., and STEVENSON, J., concur.