WHATLEY, Judge.
Richard A. Morse, Jr., filed a petition for writ of mandamus seeking to compel his former counsel, the Public Defender for the Thirteenth Judicial Circuit, to provide free-of-charge copies of the crime scene photos from his trial. We hold that the circuit court erred when it denied his petition.
“A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law.” Radford v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005) (citing Smith v. State, 696 So.2d 814, 815 (Fla. 2d DCA 1997)). Morse stated a facially sufficient claim establishing entitlement to free copies of the photos from his court-appointed counsel. See id.; Potts v. State, 869 So.2d 1223, 1225 (Fla. 2d DCA 2004) (holding that “transcripts that were prepared at public expense on behalf of an indigent defendant must be provided to the defendant without charge for copying”).
The circuit court held that Morse was not entitled to relief because his public defender inspected and copied the photographs during the discovery process. And since his attorney allowed him to see the photos, the court reasoned that Morse was not entitled to any additional rights outside of the discovery process. However, the fact that the State provided the photos to defense counsel, and counsel copied them, does not limit Morse’s entitlement to documents in his appointed counsel’s file. See Smith v. State, 889 So.2d 1009, 1010 (Fla. 3d DCA 2004) (“The petitioner is entitled to receive from his former counsel, at no cost to petitioner, any and all trial and hearing transcripts, copies of motions, *751 and any state discovery presented to defense counsel”) (emphasis added).
We therefore reverse and remand for the postconviction court to grant the petition and to order Morse’s counsel to provide copies of the crime scene photographs to Morse free-of-charge.[1]
Reversed and remanded for further proceedings.
NORTHCUTT and KELLY, JJ„ concur.

. Although the public defender's office expressed concerns about the graphic nature of the photos, we agree with the postconviction court and note that it is for the Department of Corrections to determine whether Morse should be restricted from receiving the pictures because they are prohibited contraband. See Weeks v. Golden, 798 So.2d 848 (Fla. 1st DCA 2001) (noting that in reversing the denial of petition for writ of mandamus seeking production of photographs of parts of the victim's body, "the Department of Corrections, in its supervisory capacity over inmates, may properly restrict appellant from receiving the photographs under the theory that they constitute prohibited contraband”).