GERBER, J.
The appellant filed a petition seeking a writ of mandamus to be served upon the state. In the petition, the appellant sought to obtain a copy of the Miranda[1] waiver form which the state introduced into evidence at his criminal trial. The circuit court denied the petition. We reverse, finding that the court should have: (1) granted the appellant leave to file an amended petition adding the clerk of court as a respondent; and (2) issued an alternative writ of mandamus directing the clerk to show cause why the writ should not be issued. .
In the original petition, the appellant alleged that he served multiple public record requests on the Broward County clerk of court, state attorney, and public defender to obtain a copy of his Miranda waiver form. According to the appellant, the clerk’s office responded that it possessed the form and that if he paid for a'copy of the form, it would send the copy to him. The appellant alleged that, after he sent payment, the clerk’s office responded that it did not possess the form.
The appellant then filed the petition for writ of mandamus seeking to obtain a copy of the form from the state. The circuit court determined that the petition was legally sufficient to state a cause of action and demonstrated a preliminary basis for relief. The court then issued an alternative writ of mandamus directing the state to show cause why the .writ should not be issued. See Fla. R. Civ. P. 1.630 (2010) (if a petition for writ of mandamus shows a prima facie case for relief, the court shall issue an alternative writ of mandamus to which the defendant shall respond as provided in Florida Rule of Civil Procedure 1.140); Minasian v. State, 967 So.2d 454, 455 (Fla. 4th DCA 2007) (“If a mandamus petition is facially sufficient, the court must issue an alternative writ of mandamus requiring the respondent to show cause why the writ should not be issued.”).
The state responded to the alternative writ by stating that the appellant’s Miranda waiver form was admitted into evidence and, therefore, was not in the state’s possession. The court then denied the appellant’s petition. The order stated: “Based upon the Petitioner’s own allegation, the requested documents were received in evidence and should be recovered from the Court file via the Clerk of Court.”
The appellant then filed this appeal. He argues that the circuit court: (1) should have issued an alternative writ of mandamus directing the clerk to show cause why the writ should not be issued; and (2) should have held an evidentiary hearing to determine whether the state or the clerk possesses the form. The state responds that the court correctly denied' the petition because the clerk possesses the form.
We review the circuit court’s order for an abuse of discretion. See Rosado v. State, 1 So.3d 1147, 1148 (Fla. 4th DCA 2009) (“An appellate court reviews a trial court’s decision on a petition for writ of mandamus under the abuse of discretion standard of review.”) (citation omitted).
We find that the circuit court erred in denying the petition for two reasons. First, contrary to the court’s order, the appellant did not allege that “the requested documents were received in evidence and should be recovered from the court file via the Clerk of Court.” .That allegation came from the state’s response, which was unsworn. Because there was no sworn evidence refuting the appellant’s allegation that the clerk denied possessing the form, the circuit court erred in denying the petition. See Radford v. Brock, 914 *1231 So.2d 1066, 1069 (Fla. 2d DCA 2005) (“[B]ecause there is no sworn evidence refuting [the appellant’s] allegations, the trial court erred in dismissing his petition.”).
Second, given the clerk’s alleged initial response that it possesses the appellant’s Miranda waiver form, and given the state’s response that the clerk possesses the form, the court should have: (1) granted the appellant leave to file an amended petition adding the clerk as a respondent; and (2) issued an alternative writ of mandamus directing the clerk to show cause why the writ should not be issued. See Radford, 914 So.2d at 1069 (“Because the trial court did not issue an alternative writ requiring the clerk and [the court reporter] to show cause why the writ should not be issued ... the trial court erred in dismissing [the] petition.”).
If the clerk’s office responds to the alternative writ by stating that it possesses the appellant’s Miranda waiver form, then presumably the clerk shall provide the appellant with the form without requiring the circuit court to issue the writ. However, if the clerk’s office responds to the alternative writ by stating that it does not possess the form, then the court should conduct an evidentiary hearing, including an in-camera inspection if necessary, to resolve the issue of whether the state or the clerk possesses the form. See Johanson v. State, 872 So.2d 387, 388 (Fla. 4th DCA 2004) (“We agree with appellant that the circuit court erred in not conducting an evidentiary hearing, including an in-camera inspection of the state attorney’s file, on the contested issue of whether the state had the requested reports in its possession.”).

Reversed and remanded.

[2]

STEVENSON and TAYLOR, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The appellant also argues that the circuit court should have issued an alternative writ of mandamus on the public defender. We reject that argument because the appellant’s petition does not show that the public defender may possess the form. See Fla. R. Civ. P. 1.630.