ALTENBERND, Judge.
Carl E. Roland appeals the dismissal of his petition for writ of mandamus. Mr. Roland petitioned the circuit court, asking it to compel his former attorney, the Office of the Criminal Conflict and Civil Regional Counsel, to provide him with copies of discovery materials received from the State.[1] The circuit court dismissed the *104 petition, finding it facially insufficient for failure to include an acknowledgement of a legal obligation to pay regional counsel’s office for the costs associated with providing the requested items. We reverse and remand for further proceedings.
“ ‘A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law.’ ” Morse v. State, 50 So.3d 750, 750 (Fla. 2d DCA 2010) (quoting Radford v. Brock, 914 So.2d 1066, 1067 (Fla. 2d DCA 2005)). Mr. Roland stated a facially sufficient claim that established a prima facie case of entitlement to free copies of the discovery evidence from regional counsel. Because his request was not for all items in counsel’s possession, but was for specific discovery materials, Mr. Roland was not required to pay for originals or copies thereof. See Morse, 50 So.3d at 751 (holding that defendant was entitled to copies of the crime scene photographs from his trial free-of-charge); Smith v. State, 889 So.2d 1009, 1010 (Fla. 3d DCA 2004) (“The petitioner is entitled to receive from his former counsel, at no cost to petitioner, any and all trial and hearing transcripts, copies of motions, and any state discover presented to defense counsel”) (emphasis added); cf. LaFlower v. State, 929 So.2d 58, 58 (Fla. 5th DCA 2006) (“However, [defendant] is not entitled to items related to the performance of professional services, and if provided, should compensate the attorney for charges incurred in copying them.”). Therefore, the circuit court erred in dismissing Mr. Roland’s petition — which demonstrated a prima facie case for relief— and in not issuing an alternative writ ordering regional counsel to show cause why the writ should not issue and the requested relief be granted. See Fla. R. Civ. P. 1.630(d)(3); Gilliam v. State, 996 So.2d 956, 957 (Fla. 2d DCA 2008); Farmer v. State, 927 So.2d 1075, 1076 (Fla. 2d DCA 2006).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CASANUEVA and MORRIS, JJ., Concur.

. This proceeding appears to have delayed Mr. Roland’s filing of a motion for postcon-viction relief under Florida Rule of Criminal Procedure 3.850. Because it appears that Mr. Roland will be unable to comply with the time limits of rule 3.850, he is advised to file a motion for extension of time to file his post-conviction motion under Florida Rule of Criminal Procedure 3.050, should he wish to collaterally attack his conviction. See Petit- *104 Frere v. State, 108 So.3d 681, 683 (Fla. 2d DCA 2013) ("A postconviction court may, under rule 3.050, extend the two-year rule 3.850 deadline 'for good cause shown.’ ” (quoting State v. Boyd, 846 So.2d 458, 460 (FIa.2003))); see also Manning v. State, 28 So.3d 971, 973 (Fla. 2d DCA 2010) ("[W]e hold that when a motion for extension to Hie a postconviction motion is denied, the defendant should not appeal that order, but should instead file the intended motion as soon as possible, alleging the grounds for the motion to the best of the defendant’s ability and further alleging the reason why the motion is untimely.”).