RAY, J.
Clay County Education Association (“CCEA”) appeals from an order dismissing its complaint for writ of mandamus seeking to compel the production of certain public records from the School Board of *709 Clay County (“School Board”). CCEA argues that the circuit court erred in dismissing the complaint and failing to hold an evidentiary hearing to resolve disputed issues of fact. We agree. For the reasons that follow, we reverse and remand.
Before filing its complaint, CCEA requested certain records related to the School Board’s operation, control, and supervision of the public schools within Clay County. While certain information was provided, the School Board failed to produce the remaining requested materials, all of which CCEA alleged are public records in the School Board’s custody. CCEA requested an immediate hearing on its complaint, as provided for in section 119.11(1), Florida Statutes (2013). The trial court then issued an alternative writ of mandamus directing the School Board to provide written defenses to CCEA’s complaint. In its unsworn response, the School Board contended that it either had already provided the documents, did not have the information in the format requested, or could not produce the documents because they did not exist. Based solely on the pleadings before it, the trial court determined that CCEA failed to establish a clear legal right to the requested relief and dismissed CCEA’s complaint.
This Court reviews de novo the trial court’s dismissal of a complaint for writ of mandamus. See Walker v. Ellis, 989 So.2d 1250 (Fla. 1st DCA 2008). A motion to dismiss tests the legal sufficiency of a complaint and does not resolve factual issues. Felder v. State, Dep’t ofMgmt. Servs., Div. of Retirement, 993 So.2d 1031, 1034 (Fla. 1st DCA 2008). When ruling on a motion to dismiss, the court must consider only the allegations within “the four corners of the plaintiffs complaint” and “must accept the plaintiffs allegations as true and resolve all inferences in the plaintiffs favor.” Miller v. Nelms, 966 So.2d 437, 439-40 (Fla. 2d DCA 2007).
To be entitled to a writ of mandamus, a party must allege a violation of a clear legal right and the breach of an indisputable legal duty. Polley v. Gardner, 98 So.3d 648, 649 (Fla. 1st DCA 2012). CCEA’s complaint alleged each of these elements, citing article I, section 24(a), of the Florida Constitution and chapter 119, Florida Statutes (2013). Moreover, when all reasonable inferences are drawn in CCEA’s favor, its requests satisfy the broadly defined category of “public records.” See § 119.011(12), Fla. Stat. (2013). Therefore, CCEA’s complaint shows a pri-ma facie case for relief, and the trial court’s dismissal was improper.
Because the complaint was not properly subject to dismissal, the court erred in failing to hold an evidentiary hearing to resolve disputed issues of fact. See Jo-hanson v. State, 872 So.2d 387 (Fla. 4th DCA 2004) (reversing the denial of a petition for writ of mandamus based on an unsworn response filed by the State that it did not possess the records requested and remanding to the trial court for an evidentiary hearing, including an in camera inspection of the state attorney’s file, to determine who possessed the required records); Radford v. Brock, 914 So.2d 1066, 1068 (Fla. 2d DCA 2005) (reversing the dismissal of a mandamus action because the petition and answer raised a factual dispute as to who possessed the requested recording and stating “[i]f the petition and answer to the alternative writ raise disputed factual issues, the trial court must resolve these issues upon evidence submitted by the parties”). Further, CCEA correctly observes that a hearing should have taken place immediately under section 119.11(1), which provides, “Whenever an action is filed to enforce the provisions of this chapter, the *710 eourt shall set an immediate hearing, giving the case priority over other pending cases.”
Accordingly, we reverse the trial court’s dismissal and remand for an immediate hearing under section 119.11(1) and, if necessary, further proceedings to resolve any factual disputes that remain between the parties’ complaint and answer.
WOLF and PADOVANO, JJ., concur.