IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JEROME J. FERRIER,

       Appellant,

v.

THE PUBLIC DEFENDER'S
OFFICE, SECOND JUDICIAL
CIRCUIT OF FLORIDA,

       Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-88

_____/

Opinion filed July 14, 2015.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Jerome J. Ferrier, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee; Nancy A. Daniels, Public Defender, and Carrie McMullen, Assistant Public Defender, Tallahassee, for Appellee.

PER CURIAM.

      This is an appeal from the circuit court's denial of Appellant's petition for writ of mandamus compelling the Public Defender's Office to comply with

Appellant's public records request seeking various discovery material. The Public Defender's Office filed an unsworn response to the mandamus petition arguing that it did not possess some of the requested materials and that it had provided Appellant with copies of the requested materials that were in its possession. The trial court denied the petition, reasoning that the issuance of a writ of mandamus would be improper where there was an unresolved factual dispute.

We agree with Appellant that the circuit court erred in not conducting an evidentiary hearing on the contested issue of whether the Public Defender's Officer had the requested materials in its possession. Clay County Educ. Ass'n v. Clay County Sch. Bd., 144 So. 3d 708, 709 (Fla. 1st DCA 2014) (reversing the dismissal of a petition for writ of mandamus based on a response that the School Board had already turned over the documents, the documents did not exist in the formant requested, or the documents did not exist and remanding for an evidentiary hearing); Johanson v. State, 872 So. 2d 387, 388 (Fla. 4th DCA 2004) (reversing the denial of a petition for writ of mandamus based on an unsworn response filed by the State that it did not possess the records requested and remanding for an evidentiary hearing, including an in camera inspection of the state attorney's file, to determine who possessed the required records). Accordingly, we reverse the trial court's denial and remand for an evidentiary hearing. We affirm all other issues raised on appeal without further discussion.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS, ROWE, and OSTERHAUS, JJ., CONCUR.