SWANSON, J.
Appellant claims the trial court erred in denying his petition for writ of mandamus seeking the production of public records pursuant to chapter 119, Florida Statutes (2013). We agree. The trial court could not conclude the records were exempt from disclosure under section 119.071(2)(f), Florida Statutes (2013), without conducting an in-camera inspection of the records and determining whether they could be redacted to remove information identifying confidential informants. See City of St. Petersburg v. Romine ex rel. Dillinger, 719 So.2d 19 (Fla. 2d DCA 1998); Christy v. Palm Beach Cnty. Sheriff's Office, 698 So.2d 1365, 1368 (Fla. 4th DCA 1997); see also Walton v. Dugger, 634 So.2d 1059, 1061-62 (Fla.1993); Rameses, Inc. v. Demings, 29 So.3d 418, 421-23 (Fla. 5th DCA 2010); Weeks v. Golden, 764 So.2d 633, 635 (Fla. 1st DCA 2000). Moreover, because appellant disputed appellee’s unsworn claim that it did not possess the requested records, the trial court could not deny appellant’s petition without conducting an evidentiary hearing on this issue. See Ferrier v. Public Defender’s Office, 2d Jud. Cir. of Fla., 171 So.3d 744 (Fla. 1st DCA 2015); Clay Cnty. Educ. Ass’n v. Clay Cnty. Sch. Bd., 144 So.3d 708 (Fla. 1st DCA 2014); Parish v. State, 59 So.3d 1229 (Fla. 4th DCA 2011); Johanson v. State, 872 So.2d 387 (Fla. 4th DCA 2004); Radford v. Brock, 914 So.2d 1066, 1068-69 (Fla. 2d DCA 2005). Accordingly, we reverse and remand with directions that the trial court conduct an evidentiary hearing, including an in-camera inspection of the records if necessary.
REVERSED and REMANDED.
ROWE and BILBREY, JJ., concur.