NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LARRY WILLIAMS, DOC# 747444, )
)
    Appellant, )
)
v. )       Case No. 2D15-2655
)
STATE OF FLORIDA, )
)
    Appellee. )
_____)

Opinion filed March 18, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Nancy Moate Ley, Judge.


PER CURIAM.

        Larry Williams appeals the dismissal of his petition for writ of mandamus.

We affirm without prejudice to Mr. Williams' filing of a facially sufficient petition.

        A jury convicted Mr. Williams of sexual battery on a child. In his petition,

Mr. Williams alleged the existence of three reports containing exculpatory evidence that

the Department of Children and Families, formerly the Department of Children and

Family Services, prepared in a related dependency action. Mr. Williams contended that

the Department possessed the reports and that the Department failed to respond to his

December 2012 request for these documents. He attached to his petition a copy of his

previous records request, addressed to the circuit court clerk and to the Assistant State Attorney who represented the Department in the dependency proceedings.

"When a trial court receives a petition for a writ of mandamus, its initial task is assessing the petition to determine whether it is facially sufficient. If it is not facially sufficient, the court may dismiss the petition." Davis v. State, 861 So. 2d 1214, 1215 (Fla. 2d DCA 2003) (citations omitted). The court correctly dismissed Mr. Williams' petition as facially insufficient because he did not acknowledge his obligation to pay for copying costs. Cf. Farmer v. State, 927 So. 2d 1075, 1076 (Fla. 2d DCA 2006) (holding that a motion to compel production of documents from the State Attorney's Office satisfied the requirements for a petition for writ of mandamus where the movant set forth the statute under which he was seeking production of public records, attached a copy of a letter that he had previously sent to the State Attorney's Office requesting records and acknowledging his obligation to pay the copying costs, and alleged that he received no response thereto); Radford v. Brock, 914 So. 2d 1066, 1068-69 (Fla. 2d DCA 2005) (holding that the petitioner stated a facially sufficient claim for mandamus relief where he alleged that the clerk and reporter were legal custodians of public records, that he requested such records and offered to pay for them, but the clerk and reporter failed to provide the records).

In its order of dismissal, the circuit court stated that even if the petition were facially sufficient, it would have been dismissed because Mr. Williams "fail[ed] to show that the Clerk is the proper agency in possession of these records." However, the court overlooked that his records request was also directed to the Department.

Therefore, we affirm the dismissal of his facially insufficient petition without

prejudice to Mr. Williams' filing of an amended petition that complies with Florida Rule of Civil Procedure 1.630. Upon receipt of a facially sufficient petition, the lower court "must issue an alternative writ of mandamus requiring the respondent to show cause why the writ should not be issued." Radford, 914 So. 2d at 1068 (citing Moore v. Ake, 693 So. 2d 697, 698 (Fla. 2d DCA 1997); Conner v. Mid-Florida Growers, Inc., 541 So. 2d 1252, 1256 (Fla. 2d DCA 1989)).

Affirmed.

WALLACE, LaROSE, and CRENSHAW, JJ., Concur.