IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KAREN KLINE,

       Appellant,

v.

UNIVERSITY OF FLORIDA,

       Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4216

_____/

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Alachua County.
Robert E. Roundtree, Jr., Judge.

Marcy Lahart of Marcy I. Lahart, PA, Gainesville, for Appellant.

John A. Devault, III and Courtney K. Grimm of Bedell, Dittmar, DeVault, Pillans &
Coxe, P.A., Jacksonville, for Appellee.

ROWE, J.

       Appellant, Karen Kline, sought public records from the University of Florida,

specifically images of animals, veterinary records, and research protocols relating to

two studies conducted by researchers at the University. The University responded

to Kline's request, claiming an exemption from disclosure for the research protocols,

denying the existence of any images of animals, and not addressing the request for

veterinary records.  Kline filed a petition to compel disclosure of the records and requested an immediate hearing.  The trial court ordered the University to show cause as to why the records should not be produced.  In response, the University requested an in-camera inspection, and produced for the court's review the research protocols and sealed explanatory affidavits by the researchers involved in the studies.  After reviewing the documents, the trial court denied Kline's petition.  Kline appeals, raising several issues including the trial court's failure to conduct a hearing on the petition.  Because the trial court prematurely ruled on the petition without the benefit of a hearing, we decline to reach the remaining issues.

Section 119.11(1), Florida Statutes (2015), provides: "Whenever an action is filed to enforce the provisions of [the Public Records Act], the court shall set an immediate hearing, giving the case priority over other pending cases."  The purpose of this hearing is to allow the court to hear argument from the parties and resolve any dispute as to whether there are public records responsive to the request and whether an exemption from disclosure applies in whole or in part to the requested records.  See Holley v. Bradford Cnty. Sheriff's Dep't, 171 So. 3d 805 (Fla. 1st DCA 2015) (reversing and remanding for an evidentiary hearing and, if necessary, an in-camera inspection, to determine whether the Sheriff's Department possessed the requested records, whether the records were exempt from disclosure, and whether they could be redacted and produced in part); see also Clay Cnty. Educ. Ass'n v.

2

Clay Cnty. Sch. Bd., 144 So. 3d 708, 710 (Fla. 1st DCA 2014) (reversing and remanding dismissal of mandamus petition for an evidentiary hearing to resolve disputed issues of fact).

The plain language of section 119.11(1) requires the trial court to conduct a hearing on actions seeking to enforce the right to access public records under chapter 119. Absent waiver, an order issued without the statutorily-required hearing is premature. See Grace v. Jenne, 855 So. 2d 262, 263 (Fla. 4th DCA 2003). For this reason, we reverse the trial court's order denying Kline's petition. We direct the court on remand to conduct a hearing as required by section 119.11(1), and to resolve any dispute between the parties as to whether there are records responsive to Kline's requests and whether such records are partially or wholly exempt from disclosure.

REVERSED and REMANDED.

MAKAR and BILBREY, JJ., CONCUR.

3