IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KEVIN M. TRACY,

  Appellant,

v.

STATE OF FLORIDA,

  Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-5829

Opinion filed May 31, 2017.

An appeal from the Circuit Court for Escambia County.
Ross M. Goodman, Judge.

Kevin M. Tracy, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

  Kevin Tracy appeals the dismissal of his petition for writ of mandamus pertaining to his records request. Because the proper procedures were not followed and because factual disputes remain, we reverse.

In his petition, Mr. Tracy requests documents related to the chain of custody of any deadly weapon used as evidence in his case. The Escambia County Sheriff's Office responded by providing the appropriate evidence card. Mr. Tracy asserts additional documentation is available. The trial court denied Mr. Tracy's petition without issuing an alternative writ of mandamus to the respondent requiring him to show cause why the petition should not be granted. The trial court held, "The records attached to the Petition show that the knife or knives were destroyed. Thus, there is nothing that the Court can order anyone to produce."

Although Mr. Tracy may be mistaken that additional information is available related to his request, his petition states a facially sufficient claim. If a petition is facially sufficient, the court must issue an alternative writ of mandamus requiring the respondent to show cause why the petition should not be granted. Radford v. Brock, 914 So. 2d 1066, 1068 (Fla. 2d DCA 2005). If the petition and answer to the alternative raise disputed issues, the trial court must resolve those issues upon evidence submitted by the parties. Id. A trial court errs in denying a petition unless there is sworn evidence refuting the petitioner's allegations. Parish v. State, 59 So. 3d 1229, 1230 (Fla. 4th DCA 2011).

Here, Mr. Tracy filed a facially sufficient petition for writ of mandamus. However, the trial court failed to issue an alternative writ of mandamus. In addition, the record contains no sworn statements indicating Mr. Tracy has been provided all

2

documents in the State's possession.[1] Thus, factual disputes remain. Therefore, the trial court erred in denying Mr. Tracy's petition. If on remand, the State fails to provide sworn evidence that all available information has been provided, the trial court must conduct an evidentiary hearing on the issue prior to denying the claim. See Ferrier v. Pub. Defender's Office, 2d Jud. Cir. of Fla., 171 So. 3d 744 (Fla. 1st DCA 2015); Clay Cnty. Educ. Ass'n v. Clay Cnty. Sch. Bd., 144 So. 3d 708 (Fla. 1st DCA 2014); Parish, 59 So. 3d 1229; Johnson v. State, 872 So. 2d 387 (Fla. 4th DCA 2004).

Accordingly, we reverse the order dismissing the petition and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WOLF, MAKAR, and M.K. THOMAS, JJ., CONCUR.

---

[1] The State was identified as the Respondent, Defendant or Appellee by the trial court in its final order. The Appellant/Petitioner requested documents from the Escambia County Sheriff's Office records custodian. Any subsequent orders should be directed to the Sheriff's Office. However, for consistency purposes the State is referred to as the Appellee.