DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SIMEI MOREIRA DA SILVA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-927

[October 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Anne Scherer, Judge; L.T. Case No. 99-12606CF10A.

Simei Moreira Da Silva, Avon Park, pro se.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant Simei Moreira da Silva appeals the trial court's denial of his petition for writ of mandamus in which he sought to compel a court reporting service to provide him cost information to secure stenographic tapes and videotapes of his 2006 criminal trial. We affirm, as the trial court correctly determined that the petition was improvidently filed in the criminal proceeding.

In 2006, appellant was convicted of second-degree murder with a firearm and sentenced to life in prison. This Court affirmed the conviction and sentence on direct appeal. *Da Silva v. State*, 966 So. 2d 1013 (Fla. 4th DCA 2007), *rev. denied*, 981 So. 2d 1199 (Fla. 2008). Appellant has since filed various petitions in this Court, including this latest petition for writ of mandamus.

In November 2018, appellant sent a request to Boss Reporting Services for the copying costs of the stenographic tapes and video tapes from his trial and sentencing. In his request, appellant noted that the tapes were processed by the "former Court Reporter, T. Peck/Troiano, Laws &

Associates or Laws Group." The notice stated that it was made pursuant to Florida Rule of Judicial Administration 2.420.

Appellant sent a copy of his request to the Broward Clerk's Office. The Archives Division in the clerk's office responded that those records were not in its files and provided a telephone number for "Court Reporting."[1] Boss Reporting Services did not respond to the request.

Receiving no response, appellant filed a petition for writ of mandamus seeking to compel Boss Reporting to provide the requested information regarding cost to copy the material. The petition was styled as appellant versus the State and was filed in the criminal proceedings. The petition alleged, however, that it was filed pursuant to Florida Civil Rule of Procedure 1.630, which provides the procedural rules for the filing of extraordinary writs. He alleged that Boss was the custodian of the court records, and it had a mandatory duty to provide him with the cost of copying such records. The trial court ordered the State, not Boss, to respond. The State argued that the trial court could not enforce a writ of mandamus against Boss, a private enterprise, nor was the request related to a current case that appellant had pending and should not have been filed in the criminal proceeding. The trial court adopted the State's reasoning and denied the petition. This appeal follows.[2]

Appellant contends that his petition was legally sufficient to request an alternative writ to Boss Reporting, but the trial court erred in directing the State, and not Boss Reporting, to respond. The State contends that the petition was not directed to any current criminal proceeding and was facially insufficient.

We agree that appellant failed to file the petition correctly, as the petition was a civil writ of mandamus against Boss Reporting, not the State of Florida. Therefore, the trial court did not err in denying the petition. However, we reject the trial court's alternative holding that Boss Reporting,

---

[1] The Clerk of Court is not responsible for Court Reporting. The Office of the Trial Court Administrator includes an Office of Court Reporting, established in its court reporting plan, the most recent version of which can be found at Seventeenth Judicial Circuit Administrative Order No. 2020-9-GEN.

[2] Appellant originally filed this as a petition for writ of certiorari. This court redesignated it as an appeal from a final order. When the circuit court denies an original mandamus petition, as opposed to a mandamus petition seeking an appellate remedy, review in this Court is by plenary appeal. *See, e.g., Major v. Hallandale Beach Police Dep't*, 219 So. 3d 856 (Fla. 4th DCA 2017).

as a private entity, could not be subject to mandamus, because court reporters are officers of the court.

"Mandamus is a remedy used to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." *Brown v. State*, 93 So. 3d 1194, 1195–96 (Fla. 4th DCA 2012) (citing *Poole v. City of Port Orange*, 33 So. 3d 739, 741 (Fla. 5th DCA 2010)). It is a "civil remedy to compel a public official to discharge a ministerial duty." *Browning v. Young*, 993 So. 2d 64, 65 (Fla. 1st DCA 2008). "[A] petition for writ of mandamus is the proper vehicle to seek review of the denial of access to judicial records." *Minasian v. State*, 967 So. 2d 454, 455 (Fla. 4th DCA 2007) (citation omitted); *see Radford v. Brock*, 914 So. 2d 1066, 1068–69 (Fla. 2d DCA 2005) (directing issuance of alternative writ of mandamus against court reporter and agency for records, because court reporter has a legal duty to permit copying).

Rather than file a civil proceeding against Boss Reporting, petitioner filed his petition in his criminal case, where there was no pending matter to which he might be entitled to discovery of those notes. As pled, he simply sought Boss Reporting to advise him of the cost to copy the court reporter notes, of which he alleged Boss Reporting was custodian. This was a civil proceeding and should have been filed as such.[3] The court did not err in denying it.

We reject, however, the trial court's alternative reasoning. The court determined that because the reporting agency was a private entity, mandamus could not be used to compel it to provide the cost estimate. First, court reporters are officers of the court. Fla. R. Jud. Admin. 2.535(g). As such, they must follow all rules of court. *Id.* They are subject to mandamus to compel compliance. *See Radford*, 914 So. 2d at 1068. Court reporters are also the custodian of their notes and stenographic tapes, which must be retained for a certain period of time. *See* Fla. R. Jud. Admin. 2.430(e). As custodians of those records, they are required to respond to requests for their production. *See* Fla. R. Jud. Admin.

---

[3] The petitioner did not have to serve the petition on Boss Reporting upon filing. Service is required once the court issues the alternative writ of mandamus. "If the complaint is facially sufficient, the court then issues an alternative writ of mandamus, which the plaintiff must serve in the manner prescribed by law." *Quigley v. Satz*, 596 So. 2d 753, 754 (Fla. 4th DCA 1992).

2.420(m).  Therefore, the court's alternative reasoning was contrary to the Florida Rules of Judicial Administration.[4]

We thus affirm the court's denial of the petition for writ of mandamus. Although this does not preclude the petitioner filing a civil mandamus petition seeking the same relief, we would note that a court reporter is not required to retain the notes and tapes longer than two years from the date of preparation of the transcript, which in this case occurred over fifteen years ago.

*Affirmed.*

GERBER and ARTAU, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[4] In its brief, the State mistakenly posits that the Broward County Clerk is the custodian of the records through its Court Reporting Division.  As noted in footnote 1, the Office of the Trial Court Administrator's Court Reporting Division is responsible for court reporting and transcripts, not the Clerk of Court.