# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1320
Lower Tribunal No. 20-11010
_____

**Human Rights Defense Center**,
Appellant,

vs.

**Armor Correctional Health Services, Inc., etc.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

SPN Law, LLC, and Sabarish P. Neelakanta, and Yvette Farnsworth (West Palm Beach), for appellant.

Mark Migdal & Hayden, and Etan Mark, and Jordan S. Nadel, for appellee.

Stroock & Stroock & Lavan LLP, and Brian C. Frontino, and Kingsley C. Nwamah, for First Amendment Foundation and Southern Poverty Law Center; ACLU Foundation of Florida, and Benjamin J. Stevenson (Pensacola), and Daniel Tilley, for American Civil Liberties Union of Florida, as amici curiae.

Before SCALES, HENDON, and MILLER, JJ.

PER CURIAM.

Appellant, Human Rights Defense Center ("HRDC"), appeals an order dismissing its petition for a writ of mandamus seeking the compelled disclosure of public records in the possession of appellee, Armor Correctional Health Services, Inc. Observing the right to access public records is of a constitutional magnitude, disclosure of public records is not a discretionary act, and those in custody of public records must permit records "to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions," we conclude HRDC properly alleged a violation of Florida's Public Records Act. § 119.07(1)(a), Fla. Stat. (2021); see Art. I, § 24(a), Fla. Const.; Promenade D'Iberville, LLC v. Sundy, 145 So. 3d 980, 983 (Fla. 1st DCA 2014). Accordingly, resolution of such disputed issues as notice and compliance must be litigated in an evidentiary setting. See Clay Cnty. Educ. Ass'n v. Clay Cnty. Sch. Bd., 144 So. 3d 708, 710 (Fla. 1st DCA 2014) (reversing and remanding dismissal of mandamus petition for an evidentiary hearing to resolve disputed issues of fact); Grace v. Jenne, 855 So. 2d 262, 263 (Fla. 4th DCA 2003) ("After the sheriff denied appellant's request for public records, appellant filed this action under section 119.11, Florida Statutes (2001), asking the trial court to determine

2

whether the sheriff properly refused to produce the records. We reverse the order dismissing appellant's complaint. Although the sheriff may ultimately not be able to retrieve these records, because of their age or another reason, the order in this case, entered without an evidentiary hearing, was premature."); Puls v. City of Port St. Lucie, 678 So. 2d 514, 514 (Fla. 4th DCA 1996) ("We remand for an evidentiary hearing on the issue of whether, under the facts of this case, there was an unlawful refusal of access to the records within the meaning of section 119.12(1), Florida Statutes (1995)."). We reverse and remand for further proceedings consistent herewith.

Reversed and remanded.