# Third District Court of Appeal

## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2442
Lower Tribunal No. 16-26031
_____


**Grant Stern,**
Appellant,

vs.

**City of Miami Beach, et al.,**
Appellees.


An appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

George A. David, P.A., and George A. David, for appellant.

Rafael A. Paz, City Attorney, Mark A. Fishman, Henry J. Hunnefeld, First Assistant City Attorneys, and Freddi R. Mack, Senior Assistant City Attorney; and Coffey Burlington, P.L., Kendall Coffey, and Jeffrey B. Crockett, for appellees.


Before LOGUE, MILLER, and BOKOR, JJ.

MILLER, J.

Appellant, Grant Stern, challenges a final order dismissing his lawsuit against appellees, the City of Miami Beach and its former mayor, Philip Levine. In the operative complaint, Stern sought the disclosure of documents under Florida's Public Records Act, codified in chapter 119, Florida Statutes (2016). On appeal, he contends the trial court procedurally erred in dismissing his claim without first issuing an alternative writ of mandamus.[1] As "no party was deprived the opportunity to present its position fully to the court," we affirm the well-reasoned order under review. 55 C.J.S. Mandamus § 427 (2023).

## BACKGROUND

In October 2016, Stern filed suit against the City and its then-mayor, Levine, alleging violations of the Public Records Act. In his complaint, Stern sought declaratory and injunctive relief on the basis that the City and Levine failed to duly respond to requests for: (1) a list of people and pages banned from Levine's Facebook account; (2) digital recordings from Levine's SiriusXM satellite radio show; and (3) contracts or agreements between

---

[1] We summarily reject the alternative argument the trial court erred in dismissing the essentially duplicative claim for declaratory relief. See Times Publ'g Co. v. City of Clearwater, 830 So. 2d 844, 846 n.2 (Fla. 2d DCA 2002) ("[T]he burden rests initially with [the requesting party] to prove that what it seeks meets the definition of a public record.").

Levine and SiriusXM and any intermediaries. Stern alleged he initially propounded his requests on social media and received no response.

Both the City and Levine moved for dismissal on the basis that the requested production did not implicate any public records or, alternatively, was exempt from disclosure. Invoking section 119.11, Florida Statutes, Stern sought an accelerated hearing and entry of final judgment. The trial court promptly convened a hearing. Stern appeared but indicated he was unprepared and did not wish to proceed. The court duly continued the hearing.

On the rescheduled date, Stern again requested, and was granted, a continuance. Three years of litigation ensued. During that time, the trial court afforded Stern multiple unclaimed opportunities to participate in an evidentiary hearing. The City and Levine moved to strike the complaint as a sham pleading and for final summary judgment. The court denied both motions and directed the parties to file witness and exhibit lists.

On March 17, 2020, Stern filed a second amended complaint in mandamus alleging substantially the same violations of the Public Records Act. The City and Levine answered and again maintained that the requested documents were not public records or, alternatively, exempt from disclosure.

3

Approximately five months later, Stern sought an accelerated hearing on the second amended complaint. The trial judge—by that time the fourth assigned to the case—promptly noticed an evidentiary hearing. Stern did not file witness or exhibit lists. He did appear at the hearing, but he declined to present evidence. At the conclusion of the hearing, the court dismissed the complaint. A motion for rehearing proved unsuccessful, and the instant appeal followed.

**ANALYSIS**

Under Florida law, mandamus is the proper vehicle "to enforce an established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Poole v. City of Port Orange, 33 So. 3d 739, 741 (Fla. 5th DCA 2010). To establish entitlement to relief in mandamus, the petitioning party must plead "a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." Smith v. State, 696 So. 2d 814, 815 (Fla. 2d DCA 1997).

If a petition is facially sufficient, consistent with the common law, Florida Rule of Civil Procedure 1.630(d)(2) requires the trial court to issue an alternative writ of mandamus. The rule inures to the benefit of the respondent, as the purpose of the alternative writ is to allow the non-moving

4

party to show cause as to why relief should not be granted. See Miami-Dade Cnty. Bd. of Cnty. Comm'rs v. An Accountable Miami-Dade, 208 So. 3d 724, 732 (Fla. 3d DCA 2016). Any abridgment of the respondent's right to respond to the mandamus petition creates a presumption of prejudice. Conner v. Mid-Fla. Growers, Inc., 541 So. 2d 1252, 1256 (Fla. 2d DCA 1989) ("The respondent has the right to plead to the alternative writ and will be prejudiced by the failure to allow a reasonable time within which to do so."). Against these principles, we examine the propriety of the procedure employed in the instant case.

Both the Florida Constitution and the Public Records Act protect the right of all citizens to broadly access public records. Art. I, § 24(a), Fla. Const.; Ch. 119, Fla. Stat. Such records include "documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." § 119.011(12), Fla. Stat. Records custodians are required to furnish such records for inspection and copying "by any person desiring to do so." § 119.07(1)(a), Fla. Stat.

5

In accord with these prerogatives, an action under the Public Records Act takes precedence over other pending cases. § 119.11(1), Fla. Stat. In this vein, the trial court is required to set an immediate hearing "to allow the court to hear argument from the parties and resolve any dispute as to whether there are public records responsive to the request and whether an exemption from disclosure applies in whole or in part to the requested records." Kline v. Univ. of Fla., 200 So. 3d 271, 271 (Fla. 1st DCA 2016).

Here, a succession of trial judges prioritized the lawsuit and scheduled a myriad of hearings on the propriety of the requested disclosure. Stern, however, repeatedly opted not to proceed. In the second amended complaint, Stern sought the same records as he had from the inception of the case and merely elected a new remedy. By that time, the parties had fully briefed their respective positions before the trial court. It was not until both the City and Levine had answered the second amended complaint that Stern filed a formal request for an evidentiary hearing. The court again granted the request and afforded Stern another unseized opportunity to present witnesses or produce evidence.

Under these circumstances, it is axiomatic that "no party was deprived the opportunity to present its position fully to the court." 55 C.J.S. Mandamus § 427. Consequently, issuing an alternative writ prior to the evidentiary

6

hearing would have served no useful purpose. Indeed, it would have been an exercise in futility. Accordingly, we affirm the judgment under review.

Affirmed.