# Third District Court of Appeal

## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1127
Lower Tribunal No. 22-1981
_____


**Heather Morris,**
Appellant,

vs.

**City of Miami,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Dhillon Law Group, Inc., and Matthew Seth Sarelson and Zachary Stoner (West Palm Beach), for appellant.

George K. Wysong, III, City Attorney, and Eric J. Eves, Senior Appellate Counsel, for appellee.


Before LOGUE, C.J., and EMAS and SCALES, JJ.

SCALES, J.

In this public records case, appellant Heather Morris appeals a final judgment *in her favor*, entered by the trial court after appellee City of Miami conceded it had unreasonably delayed responding to Morris's public records request. We reverse the final judgment because the trial court has yet to adjudicate the issue of whether the City has complied with its obligations under the Public Records Act, chapter 119 of the Florida Statutes, by producing the public records requested by Morris.

## I.      Relevant Background

On November 17, 2021, Morris, a former deputy police chief of the City, sent a public records request to the City seeking twenty-three sets of records related to her employment with the City. Her public records request sought production of, among other things, her personnel file, the City's public records policies and procedures, minutes of City Commission meetings, as well as phone logs and emails of City Commissioners.

Alleging that the City had not complied with its obligations under chapter 119, Morris, on February 2, 2022, filed a single-count complaint seeking an order from the trial court requiring the City to produce the documents which Morris alleged the City had not produced. Morris also

moved for an accelerated hearing pursuant to section 119.11 of the Florida Statutes.[1]

During the litigation, Morris unilaterally set for deposition the City's records custodian. The City filed a motion for protective order (which was not adjudicated) while Morris filed a motion to compel the deposition. On July 25, 2022, the City filed a notice of stipulation admitting liability for an unreasonable delay in responding to Morris's public records request. The City stipulated that Morris was entitled to attorney's fees pursuant to section 119.12(1) of the Florida Statutes, but the City did not stipulate to an amount of fees.

On September 8, 2022, the City moved for entry of final judgment in favor of Morris, requesting the trial court to enter judgment in Morris's favor, and reserving jurisdiction to determine the amount of statutory fees to which Morris was entitled. On April 10, 2023, the trial court conducted a hearing on both Morris's motion to compel the records custodian deposition and the City's motion for entry of final judgment. Morris opposed the City's motion, arguing that entry of final judgment would be premature because the City

---

[1] In relevant part, section 119.11 provides as follows: "Whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending cases." § 119.11(1), Fla. Stat. (2022).

3

had not produced the requested records and that she was entitled to ascertain through the deposition the policies and procedures of the City in order to understand whether the City was properly preserving public records. The City argued that it had complied with Morris's public records request, making the records custodian deposition unnecessary.

The trial court denied Morris's motion to compel, observing that, at this stage of the litigation, Morris seemed to be on a "fishing expedition." On May 24, 2023, the trial court entered a final judgment in Morris's favor and later affixed fees at $29,227.89. Morris appeals both the final judgment and the trial court's interlocutory order denying her motion to compel the deposition of the City's records custodian.

## II.    Analysis

In her appeal, Morris asserts that the City's concession to liability and the trial court's final judgment effectively blocked her attempts to depose the City's records custodian, and thus the trial court abused its discretion in denying her motion to compel.[2] Our review, though, is stymied because it appears the trial court has not adjudicated the issue of whether the City produced the public records requested by Morris. While at oral argument, the

---

[2] The standard of review of a discovery order is abuse of discretion. Tien v. Akerman LLP, 320 So. 3d 309, 312 (Fla. 3d DCA 2021).

4

parties disagreed as to whether the City had complied with its chapter 119 obligations, the parties agreed that the trial court never adjudicated this issue, and nowhere in the record does it appear that this issue was adjudicated.

This threshold determination is crucial. If, indeed, the City has complied, then further discovery is obviously unnecessary, and the final judgment was properly entered. If the City has not complied, then the trial court must exercise its discretion in determining whether the requested or other discovery is warranted. Thus, we do not reach the issue of whether the trial court erred in denying Morris's motion to compel. And we decline the parties' invitation to adjudicate the compliance issue in the first instance and express no opinion as to whether the City has complied with chapter 119.

We reverse the challenged final judgment and remand with instructions for the trial court to undertake whatever proceedings it deems necessary to adjudicate the issue of whether the City has complied with its obligations under chapter 119, and then to conduct whatever subsequent proceedings the trial court deems appropriate, depending on the result of such adjudication. See Radford v. Brock, 914 So. 2d 1066, 1069 (Fla. 2d DCA 2005) (holding that the trial court erred in dismissing a mandamus action to

5

compel the production of public records before resolving whether the public records existed).

Reversed and remanded with instructions.